JAMES AHERN ET AL. *v.* CITY OF NEW HAVEN ET AL.
(10797)

PETERS, PARSKEY, SHEA, DALY and BIELUCH, JS.

Argued February 9—decision released May 10, 1983

*Charles G. Albom,* corporation counsel, and *Clarine N. Riddle,* deputy corporation counsel, for the appellants-appellees (defendants).

*J. Daniel Sagarin,* with whom, on the brief, was *William B. Barnes,* for the appellees-appellants (plaintiffs).

PARSKEY, J. This lawsuit poses the question whether municipal employees are protected by the state indemnity statutes; General Statutes §§ 7-101a and 7-465; against claims of civil rights violations alleged to have occurred prior to the date of the enactment of the indemnity statutes.

The plaintiffs are former police officers of the New Haven police department. In this action, which was instituted in 1979, they seek indemnification for counsel fees and expenses incurred as a result of being defendants in an action pending in the United States District

Court for the District of Connecticut; *Abramovitz* v. *Ahern,* U.S. District Court, District of Connecticut, Docket No. N-77-207; wherein the federal plaintiffs have alleged infringement by the plaintiffs herein and others of their civil rights under 42 U.S.C. § 1983 and by virtue of violations of the anti-wiretapping provisions of the Omnibus Crime Control Act of 1968, 18 U.S.C. §§ 2510–2520. The federal action was commenced against the plaintiffs and the city of New Haven in May, 1977. The civil rights violations are alleged to have occurred between 1963 and 1971. At all times during this period the plaintiffs were full-time employees of the city of New Haven and were engaged in the discharge of their duties.

The trial court, upon motion by the plaintiffs, rendered an interlocutory summary judgment on liability and thereafter, upon a hearing in damages, determined the amount of reasonable counsel fees and expenses and rendered judgment accordingly, from which the defendant[1] has appealed and the plaintiffs have cross appealed. The defendant challenges the trial court's ruling that § 7-101a was applicable to the plaintiffs' suit. The plaintiffs, in turn, assign error in the court's failure to apply § 7-465. Because we disagree both with the trial court's reasoning and the result, we reverse.

I

APPLICABILITY OF SECTION 7-101a

Section 7-101a, as initially adopted in 1971, mandated that municipalities "protect and save harmless any member of any board, committee or commission of such

---

[1] The case at bar was brought against the city and certain city officials. Although the appeal was filed on behalf of all of the defendants because of the nature of the issues involved we shall treat the case as though the city were the only defendant.

municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence on the part of such member while acting in the discharge of his duties as such member." Public Acts 1971, No. 726. In 1975, this statute was extended to local council members and included protection "for alleged infringement of any person's civil rights." Public Acts 1975, No. 75-408. In 1977, the statute was amended further by extending coverage to include "any full-time municipal employee." Public Acts 1977, No. 77-399. This amendment became effective October 1, 1977.

The 1977 amendment to § 7-101a is substantive in nature. By extending coverage to full-time municipal employees it imposed on municipalities obligations which they did not have under this statute prior to its amendment. The rule of construction in such cases is that the statute is to be given prospective application only. General Statutes § 55-3; *Heffernan* v. *Slapin,* 182 Conn. 40, 51, 438 A.2d 1 (1980); *Muha* v. *United Oil Co.,* 180 Conn. 720, 729, 433 A.2d 1009 (1980).

The plaintiffs argue that no new obligations were created with respect to municipal employees in 1977 because such obligations existed by virtue of the amendment to § 7-465 in 1975. We shall discuss the applicability of the latter statute below. It is sufficient to observe at this point that in May, 1977, § 7-101a indemnified only members of municipal boards, committees, councils or commissions and even these individuals were not indemnified for conduct involving infringement of civil rights which occurred before 1975. It did not then indemnify municipal employees for any type of misconduct, let alone infringement of civil rights. Therefore, to apply § 7-101a to the plaintiffs' conduct in this case would require giving the statute retroac-

tive effect both with respect to the persons and transactions covered by the statute.[2] The trial court was thus in error in premising an award to the plaintiffs on § 7-101a.

## II

### APPLICABILITY OF SECTION 7-465

In their cross appeal the plaintiffs assert that the trial court erred in not addressing their claim to a right of indemnification under § 7-465. The unarticulated thrust of this argument is that even if the court mistakenly relied on § 7-101a, a judgment on their behalf can be supported on the basis of their indemnity rights under § 7-465.

"Section 7-465 of the General Statutes provides an indemnity to a municipal employee . . . for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment." *Martyn* v. *Donlin,* 148 Conn. 27, 32, 166 A.2d 856 (1961). Since 1975, this indemnification has covered damages awarded for "infringement of any person's civil rights." Public Acts 1975, No. 75-408, § 3. To sustain an action against a municipality under this statute there must be a judgment against the employee under certain prescribed conditions; *Kostyal* v. *Cass,* 163 Conn. 92, 97, 302 A.2d 121 (1972); and where applicable, proper statutory notice to the municipality. *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977). If all of the preconditions have been satisfied, then an employee who suffers a judgment can

---

[2] While the plaintiffs might claim personal eligibility for expenses incurred after October 1, 1977, such a claim would encounter the same difficulties of coverage of past transactions that are discussed below with respect to § 7-465.

either (1) pay the judgment and request reimbursement from the municipality or (2) request the municipality to pay the judgment in his behalf. *Kostyal* v. *Cass,* supra, 97–98.

Although the federal action was instituted after § 7-465 was amended to cover damages awarded for infringement of civil rights, the underlying wiretapping is alleged to have occurred up to a few years earlier. Since prior to 1975 the municipality would have been immune from liability for the tortious conduct of its police officers; *Boorse* v. *Springfield Twp.,* 377 Pa. 109, 103 A.2d 708 (1954); Prosser, Torts (4th Ed.) § 131, p. 979; the question presented by this case is whether the statute may be applied retroactively to indemnify police officers for conduct alleged to have occurred before the effective date of the extended indemnity. We examine this question in the light of "the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction." *Edmundson* v. *Rivera,* 169 Conn. 630, 633, 363 A.2d 1031 (1975).

Section 7-465, although entitled "[a]ssumption of liability for damage caused by employees," imposes no liability upon a municipality for breach of any statutory duty of its own. *Thomas* v. *Commerford,* 28 Conn. Sup. 506, 508, 268 A.2d 413 (1970). The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee. Id. The municipality's liability is derivative. The plaintiffs, James Ahern and Stephen Ahern, were police officers of the city of New Haven before 1970 and 1971, respectively. The wiretapping is alleged to have occurred from a period prior to 1964 through 1971. Since, at the time of its occurrence, such conduct

was not covered by the indemnity statute, damages resulting therefrom could not serve as a basis for imposing indemnity liability against the municipality.

The plaintiffs press an additional argument. A statute is applied retrospectively, they concede, if a cause of action under the statute is based upon facts which existed prior to the law's enactment. They contend, however, that this case does not fall into that category. They reason that an essential element to the statutory cause of action for indemnification is the existence of a claim, demand or suit against a municipal employee, that this element was not present in the plaintiff's case until they were sued in the federal civil rights action in 1977 and that, since § 7-465 applied to civil rights actions at that time, affording the plaintiffs the benefit of the statute was not giving the statute retroactive application.

The flaw in the plaintiffs' argument is that it fails to distinguish between coverage and the obligation to pay. The cause of action for indemnification concerns itself with the obligation to pay but only with respect to covered transactions. Where, as in this case, the underlying conduct occurred before it was covered by the indemnity statute, then whether there may be indemnification against claims involving such conduct depends on the retroactivity of the indemnity statute.

In view of the general rule of construction applicable in these cases and the absence of a retroactive provision in § 7-465 we hold that the statute does not cover infringement of civil rights cases where the infringement by the municipal employee is alleged to have occurred before the effective date of the statute covering such transactions. See note, 71 A.L.R.3d 90, 113.

## III

In their brief the plaintiffs claim that, because of certain representations made to them by the city upon which they relied to their detriment, the city is estopped from denying its liability under the indemnity statute. The trial court did not address this issue. Since it is unclear in the record before us whether there is an undisputed factual basis for this claim, we decline to consider it.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.