[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE DEFENSE OF GOVERNMENTAL IMMUNITY
On July 28, 1989, the plaintiff, Seyed Yosefzadeh, filed a two count complaint sounding in negligence for personal injuries sustained as a result of a motor vehicle accident. The first count is brought against the individual defendant employee, William Boyd, for his negligent and careless operation of a motor vehicle while in the scope of his employment as an employee of the City of Norwalk Public Works Department. The second count is against the City of Norwalk pursuant to Connecticut General Statutes section 7-465, entitled "Assumption of Liability for Damage Caused by Employees."
Defendants' answer, dated September 14, 1989, was amended on November 13, 1989, by adding two special defenses, the first of which is the subject of this motion to strike. The first special defense claims the benefit of governmental immunity since the defendant, William Boyd is a municipal employee and therefore enjoys limited protection of governmental immunity based upon the use of his discretion in the discharge of his duties. On March 16, 1990, the plaintiff filed a motion to strike, the defendant's First Special Defense claiming that it is insufficient and erroneous as a matter of law. Plaintiff's motion to strike was accompanied by a supporting memorandum. The defendants have filed a memorandum in opposition.
The motion to strike is used to challenge the legal sufficiency of a special defense. Connecticut Practice Book section 152(5). In the instant case, the special defense of governmental immunity is raised in an action based on negligence, and indemnification sought pursuant to Connecticut General Statute section 7-465. Connecticut General Statute section 7-465 (rev'd to 1989) provides that:
 (a) Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law . . . for physical CT Page 2755 damages to person or property . . . if the employee, at the time of the occurrence . . . was acting in the performance of his duties and within the scope of his employment . . . . Governmental immunity shall not be a defense in any action brought under this section.
"Section 7-465 of the General Statutes provides an indemnity to a municipal employee . . . for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment." Ahern v. New Haven,190 Conn. 77, 81 (1983). "To sustain an action against a municipality under this statute there must be a judgment against the employee under certain prescribed conditions . . . ." Id.
 [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act . . . . The word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.'. . . The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: . . . . [the second of which is] where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . .
Evon v. Andrews, 211 Conn. 501, 505 (1989).
Plaintiff maintains that Connecticut General Statutes section 7-465 specifically removes the defense of government immunity. Plaintiff contends that a review of the legislative history supports removing the defense of governmental immunity. Defendants assert that by pleading governmental immunity, an issue is presented as to whether or not the acts of William Boyd were discretionary or ministerial, and that these are factual questions which depend upon the nature of the act. Defendants claim that they CT Page 2756 should not be precluded from the opportunity of proving to the trier of fact that such acts were discretionary and immune from liability under the doctrine of governmental immunity.
LEGISLATIVE HISTORY OF CONN. GEN. STAT. 7-465
In 1955 the General Assembly first passed what has now become Conn. Gen. Stat. section 7-465 as House Bill 79, Public Act 72, and sent it to the governor for signature. On May 5, 1955 Governor Ribicoff vetoed it claiming that its passage would remove the defense of governmental immunity from municipalities. Report on The Legislative Council, p. 9, December 7, 1956.
The bill was then referred to the legislative council for study and recommendation. Id. The legislative council report recommended passage of the bill. Id, at 13.
After lengthy debate on the bill in the House and Senate in 1957 the bill was again passed and sent to the governor for signature as Public Act 401. Senate Debate, 7 S. Proc., Pt. 6, 1957 Sess., p. 3228. Again the governor vetoed the legislation reasserting his objection to Public Act 72. Id. The legislature overrode the governor's veto and passed the bill. Conn. Public Acts No. 401 (1957).
A review of the history of Conn. Gen. Stat. section 7-465
reveals that the sentence question here, "[governmental immunity shall not be a defense in any action brought under this section", has been in the statute since its enactment to law in 1957. Further examination has revealed that the sentence in question has remained unaffected by the numerous subsequent amendments to the statute.
"The fundamental purpose of House Bill 79 is to free all employees from liability for acts done in the performance of their duties by making the municipality legally responsible for their acts." Report of the Legislative Council, p. 10, December 7, 1956. The report indicates that, at common law, municipal employees are personally liable for any torts they commit. Id. at 11. The report concludes that "municipalities should assume liability for injuries caused by their employees acting in the performance of their duties and within the scope of their employment." Id. at 13.
The bill's purpose is again described in the following passage taken from the House debate: CT Page 2757
 This bill provides that each municipality in the state shall [on] behalf of any employee o[f] the municipality [pay] all sums which the employee becomes obligated to pay by reason of liability imposed upon him by law for damage to person or property . . . . . In other words, it removes the defense of governmental immunity.
House Proceedings, Vol. 7, Part 4, May 15, 1957, at 2214.
In that same House Debate of May 15, 1957 Representative Krawiecki from Bristol stated as follows what he believed to be the purpose of this bill:
 [A]t least let me raise my voice in behalf of these little people, who collect your garbage and dig up your streets, and fix up the sidewalks and do the other jobs that surround your city, who drive the trucks, who do all the things which expose them to danger and liability for the injuries that might happen to others in the course of the duty they do . . . I do not want to see any of my little people lose their house or lose their possessions . . . to pay a judgment for any injury that might have happened due to negligence in the course of their employment.
Id. at 2226.
Connecticut General Statutes 7-465(a) explicitly states that "[g]overnmental immunity shall not be a defense to any action brought under this section." This language, used in the council report and debates, refers only to an employee's ability to be indemnified by his municipal employer for a negligent act committed within the scope of his employment.
The foregoing interpretation is supported by a bar journal comment, An Act Concerning Assumption by Municipalities of Liability for Employees, 32 Conn. B.J. 180, 182 (1958), analyzing the effect of Public Act 401:
 The Statute provides that the municipality becomes obligated to pay where the employee is liable by law. Consequently, since the employee is liable for the negligent performance of his ministerial duties, the CT Page 2758 Statute expressly imposes liability upon the municipality in this area, abrogating the common law immunity which attached to the performance of governmental functions when the employee acted negligently as well as wantonly.
 However, while liability is imposed for the negligent performance of ministerial duties in governmental functions, the Statute does not extend this liability to torts committed in the performance of acts of a discretionary nature. In the performance of discretionary duties within his authority the employee has a qualified immunity;.he is not liable by law in discretionary matters unless he is guilty of malice, bad faith, or a clear abuse of the discretion vested in him — and, because the employee is not liable, the municipality will not be liable under the Statute.
Judge Maiocco's Memorandum of Decision Re: Defendant's Request to Amend Answer and Objection to Defendant's Request to Amend Answer, rendered in this case on February 14, 1990, is noteworthy. Earlier in this case, the plaintiff objected to the defendants' request to amend their answer by adding the special defense which is the subject of this motion to strike, on the ground that Connecticut General Statute section 7-465 precludes the use of governmental immunity as a defense in an action brought under it. In granting the defendants' request to amend, the court addressed the issue which is raised by the instant motion to strike.
 The court is of the opinion that the limiting language of Conn. Gen. Stat. section 7-465(a) relates only to prohibiting the use by the municipality of the special defense of governmental immunity as against a claim of indemnification by the employee. Where a plaintiff, such as here, is suing a municipal employee and includes the municipality in a second count for indemnification, incorporating all the allegations as set forth against the defendant employee therein, the municipality, as against the non-employee plaintiff, is entitled to interpose a defense of immunity.
Memorandum of Decision Re: Defendants' Request to Amend Answer and Objection to Defendants' Request to Amend Answer. February 14, 1990, at 5-6.
It is the position of this court that the interposition of the defense of governmental immunity in this case is not prohibited by Connecticut General Statute section 7-465. This statute does not prohibit recovery for liability arising out of employee performance of ministerial acts. Fraser v. Henninger, 173 Conn. 52, 60, n. 3. Furthermore, it is the opinion of this court that Connecticut General Statute section 7-465 does not prohibit the municipal defendant from asserting the defense of governmental immunity in this action, however, it would prohibit such a defense in an action brought by one of its employees.
For the foregoing reasons, plaintiff's motion to strike is denied.
CLARANCE J. JONES, JUDGE CT Page 2759