[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This motion for summary judgment arises from a personal injury action brought by the plaintiffs John Mucha, and his mother Janet Mucha against the Greenwich Board of Education, the superintendent of schools Ernest Fleischmen, teacher Gerald Finley, student Anthony Cantavero and the Town of Greenwich. John Mucha, at the time of his injury was a minor. Plaintiffs allege that the injury to John Mucha's thumb occurred in an industrial arts class at Greenwich High School on or about March 19, 1986.
Plaintiff's original complaint dated March 18, 1988 and filed on April 5, 1988 contained one count. In that complaint plaintiffs allege that John Mucha's injury was due to the negligence and carelessness of the defendants.
The original complaint was revised and amended several times to its current twelve counts entitled "Second Amended Complaint" dated October 12, 1989. The first and second counts are directed against Gerald Finely. Plaintiffs allege that Gerald Finley was negligent in that he failed to properly CT Page 3609 supervise and instruct the metal shop class and failed to notify the school administration of both the propensity of the Band saw blade to fall off and the saw's lack of any guard or safety device.
In the third and fourth counts plaintiffs allege that the defendant Town of Greenwich is liable, pursuant to Conn. Gen. Stat. 7-465, as an indemnitor for Gerald Finley's alleged negligence.
The fifth and sixth counts are directed against defendant Anthony Cantavero. The eleventh and twelfth counts are directed against the defendant Greenwich Board of Education. These four counts are not involved in this motion for summary judgment.
In the seventh and eighth counts plaintiffs allege that defendant Ernest Fleischman was negligent in that he failed to establish safety standards and policies for the operation of shop courses in the Greenwich Public Schools.
In the ninth and tenth counts plaintiffs again allege that I the defendant Town of Greenwich is liable, as an indemnitor, for Ernest Fleischman's alleged negligence, pursuant to Conn. Gen. Stat. 7-465.
The Town of Greenwich moves for summary judgment on the third, fourth, ninth and tenth counts of the second as amended complaint. The town's motion is based on its third special defense which alleges that the statute of limitations bars plaintiffs' cause of action. The Town of Greenwich argues that there is no genuine issue as to any material fact as to that defense and therefore, it is entitled to judgment as a matter of law.
In support of its motion for summary judgment, the defendant has filed a memorandum and exhibits. The plaintiffs have also filed a memorandum and exhibits in opposition to the motion. Neither party filed affidavits to support their positions.
The pleadings are closed as evidenced by defendant Town of Greenwich's answer and special defenses dated November 16, 1989 and plaintiffs reply to special defenses dated November 29, 1989.
 [The] standard of review of a trial court's decision to grant a motion for summary judgment is well established. (citation omitted) Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits CT Page 3610 and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (citations omitted) `A material fact has been defined. . . as a fact which will make a difference in the result of the case. (citations omitted) `The test is whether a party would be entitled to a directed verdict on the same facts' . . . . (citation omitted) `The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' (citations omitted) `To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents. (citations omitted).
Hammer v. Lumberman's Mutual Casualty, Co., 214 Conn. 573, 578-79
(1990). "Interpretation of the pleadings is a question of law." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 529 (1989).
The Town of Greenwich moves for summary judgment on the third, fourth, ninth and tenth counts of the Second Amended Complaint on the grounds of its third special defense, alleging that plaintiffs are barred by the statute of limitations from bringing a cause of action against the Town under Conn. Gen. Stat. 465. The Town of Greenwich argues that the original cause of action was based on a common law action for the negligent hiring of Gerald Finley. The Town contends that the causes of action contained in the amended complaints for the statutory indemnification of Gerald Finley and Ernest Fleischman constitute separate causes of action. Defendant argues that in the amended complaints different and additional facts against the Town have been alleged pursuant to Conn. Gen. Stat. 7-465. The Town concludes that the indemnification claims against it do not relate to any individual act of negligence on the part of the Town.
Plaintiffs argue that the original complaint encompassed both direct negligence claims and derivative claims resulting from the individuals' employment with the Town. Plaintiffs conclude that the amendments made after the expiration the statute of limitations are amplifications of that has already been pleaded and that the motion for summary judgment should be denied.
Conn. Gen. Stat. 7-465 provides in pertinent part: CT Page 3611
 Any town. . . shall pay on behalf of any employee. . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded. . . for physical damages to person or property. . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such. . . was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . No action for personal physical injuries or damages. . . shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action arose nor unless written notice of the intention to commence such action and of the time when and the place where damages were incurred or sustained has been filed with the clerk of such municipality within six months after the cause of action arose. . . As used in this section, "employee" shall include a member of a town board of education and teacher. . . or other person employed by such board.
In the original one count complaint against six defendants, plaintiffs claimed money damages and alleged in pertinent part that:
 2. The defendant Town of Greenwich is a municipal corporation. . . .
 5. The defendant Ernest B. Fleischmann. . . is the superintendent of schools for. . . Greenwich. . . .
 6. The defendant Gerald Finley was employed by the Greenwich High School as a teacher. . . .
 8. On or about March 19, 1986. . . John Mucha was enrolled as a student at the Greenwich High School and was attending an industrial arts shop course; being instructed. . . by. . . Gerald Finley.
 9. While. . . John Mucha was present in the industrial arts shop class on March 19, 1986 his right thumb was injured. . . .
 10. Said injury was due to the negligence and carelessness of the defendants in one or more of the following aspects:
 a. The defendant Gerald Finley failed to properly instruct. . . John Mucha. . . .
CT Page 3612
 c. The defendant Town of Greenwich was negligent in hiring. . . Gerald Finley, who at the time of said occurrence was acting as an agent, servant and or employee of the Town of Greenwich.
 f. The defendant Ernest B. Fleischman, the superintendent of schools, was negligent in that he permitted. . . Gerald Finley to instruct a class in the industrial arts shop without properly supervising him and instructing his. . . .
 Section 7-465. . . imposes no liability upon a municipality for breach of any statutory duty of its own. (citation omitted). The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee (citation omitted). The municipality's liability is derivative.
Ahern v. New Haven, 190 Conn. 77, 82 (1983). "[U]nder 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." WU v. Fairfield, 204 Conn. 435, 438 (1987). "When a plaintiff seeks to take advantage of the statute, [Conn. Gen. Stat. 7-465] the liability of the municipality. . . is dependent upon the giving of proper statutory notice." Fraser v. Henninger, 173 Conn. 52,56 (1977). "In the context used in 7-465, it is clear that the word `jointly' simply means `together with.' Id. at 57. One of the purposes of "adding the word `jointly,' was to eliminate any inference that notice need be given to a municipality in an action brought only against an employee." Id.
In the original complaint, plaintiffs allege that John Mucha's injury was due to the negligence and carelessness of all the named defendants and sought money damages. The original complaint named the Town of Greenwich, the superintendent of the Greenwich Schools, Ernest Fleischman and a teacher at the Greenwich High School, Gerald Finley a as three of the six defendants. In the original complaint plaintiffs also alleged that Ernest Fleischman was negligent in allowing defendant Gerald Finley to instruct a class without properly supervising him. Plaintiffs further alleged that defendant Gerald Finley was negligent in that he failed to properly instruct John Mucha and members of the class on the proper manner in which to operate a band saw. The original complaint fairly pleads negligent conduct on the part of Ernest Fleischman and Gerald Finley and alleges them to be municipal employees due to their employment as a superintendent and as a teacher respectively, with the Greenwich Schools. Although not alleged in the original complaint, the CT Page 3613 pleadings indicate that the Town of Greenwich did receive proper notice of the municipality's liability by way of plaintiffs' attorney's letter to the Town Clerk dated September 18, 1986. The letter advised the Town of John Mucha's injury and that plaintiffs would look to the Town of Greenwich for damages as provided by law. Because they were all named as defendants, the original complaint was jointly made against the municipal employees Ernest Fleischman and Gerald Finley and the Town of Greenwich. The original complaint encompassed both the negligence claims on the part of the employees and the municipality's derivative liability as a result of Ernest Fleischman's and Gerald Finley's employment with the Town. The original complaint was commenced within two years of the injury as required by Conn. Gen. Stat. 465.
The failure of the original complaint to specifically allege the statute section relied upon, is of no consequence. It has been held that Conn. Practice Bk. 109A, which states that in a complaint "the statute shall be specifically identified by its number," is directory and not mandatory. Rowe v. Godou,209 Conn. 273, 275 (1988). Although the original complaint does not specifically identify Conn. Gen. Stat. 7-465, a fair and reasonable construction of the original complaint, provides this court with knowledge that notice to the town was given. By the fulfillment of the notice requirement, plaintiffs have properly pleaded a claim for indemnification pursuant to Conn. Gen. Stat.7-465. The second amended complaint, dated October 12, 1989 merely amplifies the original complaint and does not allege new facts. Consequently, plaintiffs are not barred by the statute of limitations from bringing a claim against the Town of Greenwich pursuant to Conn. Gen. Stat. 7-465 in the third, fourth, ninth and tenth counts of the second amended complaint and defendant Town of Greenwich's motion for summary judgment is denied.
CIOFFI, J.