[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE PREJUDGMENT REMEDY
Plaintiff filed an application for a prejudgment remedy pursuant to Connecticut General Statutes 52-278c(a). The clerk assigned a hearing date of September 9, 1991, and plaintiff served the application and writ, summons and complaint on August 14, 1991.
The hearing did not take place on September 9th, and the application was withdrawn by operation of law thirty days thereafter pursuant to Connecticut General Statutes 52-278j(b) which provides:
 ". . .if a date for a hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, . . .the court shall order the application to be considered as having been withdrawn."
Plaintiff alleged in its complaint by way of incorporated exhibits that it entered into a commercial transaction with defendants Justin Tamborello ("J.T.") and Joseph J. Tucci ("J.J.T.") who waived their rights to a prejudgment remedy notice and hearing.
On or about November 7, 1991, plaintiff issued ex parte prejudgment remedies against J.T., J.J.T. and defendant Fairfax Personnel Service, Inc. ("Fairfax") pursuant to the commercial waiver. No affidavit setting out facts to show probable cause was filed at that time. Plaintiff filed a document labeled "Supplemental Affidavit" purporting to show probable cause on or about December 3, 1991.
Defendants moved to dissolve the ex parte prejudgment remedies on January 23, 1992, claiming that probable cause had not been determined in a hearing.
The motion ultimately was assigned for hearing on March 26, 1992. Just before the hearing started, defendants filed a new motion to dissolve claiming that the prejudgment remedies should be dissolved because no timely affidavit was filed setting forth facts sufficient to show probable cause. CT Page 5127 Defendants rely on Connecticut General Statutes 52-278f as amended by P.A. 91-315, sec. 2, which states in relevant part:
 In an action upon a commercial transaction. . .wherein the defendant has waived his right to a notice and hearing. . .the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that
 (1) the complaint shall set forth a copy of the waiver;
 (2) the plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause to sustain the validity of the plaintiff's claim.
Plaintiff countered that the statute does not state when the affidavit must be filed; therefore, either the affidavit filed on December 3, 1991 or the affidavit filed with the prejudgment remedy application dated July 30, 1991 satisfies the statute.
Connecticut General Statutes 52-278f allows an attorney to issue a prejudgment remedy without court order only if two conditions are met: (1) a copy of the waiver is set out in the complaint and (2) a probable cause affidavit is filed.
Prejudgment remedies by way of attachment and garnishment were unknown to the common law; therefore, the authorizing statutes must be strictly construed. Willoughby v. New Haven, 123 Conn. 446, 454 (1937); State v. Assuntino,173 Conn. 104, 106 (1977); Ahern v. The City of New Haven, 190 Conn. 77
(1983). Where a statute is clear and unambiguous, its words must be given their ordinary, common sense meaning. The B. F. Goodrich Co. v. Dubno, 196 Conn. 1, 8 (1985); State v. Pellegrino, 194 Conn. 279, 284 (1984).
Compliance with both of these prerequisites authorizes an attorney to issue the attachment. A failure in either respect means that the attorney has no authority. The filing of the affidavit, by a plain reading of the statute, must be done when the process is returned to court, that process having been previously served on the parties against whom the prejudgment remedy is issued. Plaintiff's December 3, 1991 affidavit does not satisfy the statute because it did not exist at the time of CT Page 5128 the prejudgment remedy.
The July 30, 1991 affidavit was served on defendants and filed in court. The defendants argue that the withdrawal of the prejudgment remedy application by operation of Connecticut General Statutes 52-278j(b) means that there was no application on file at the time of the ex parte prejudgment attachments and garnishment in November, 1991.
Plaintiff argues that, even though the prejudgment remedy application was withdrawn, the affidavit is still present in the court file and had been served on the defendants. It claims that the purposes of the statute, notice to the defendants and a filing in court, have been fully satisfied.
The court agrees with defendants that withdrawal of the application includes withdrawal of the affidavit as the affidavit is part of the application. The affidavit prerequisite for an ex parte prejudgment remedy was not met; therefore, the attachment is ordered dissolved.
E. EUGENE SPEAR, JUDGE