[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR STAY (#104)
The plaintiff, Connecticut Housing Finance Authority, seeks the foreclosure of mortgaged premises owned by the defendant, Charles F. Williams, for his failure to pay the monthly installments on a note.[1]
CT Page 3714
On December 5, 1994, the defendant filed an "Application for Protection for Foreclosure" pursuant to General statutes section49-31d et. seq., on the ground that he is an unemployed/underemployed person as defined by that section. In his application, the defendant seeks both a stay and an order from the court restructuring the outstanding arrearage.
On December 16, 1994, the plaintiff filed an objection to the defendant's application on the ground that the defendant failed to comply with the time requirement for filing his application pursuant to § 49-31e(b).
General statutes § 49-31e provides:
 (a) In an action by a lender for the foreclosure of a mortgage of residential real property, such lender shall give notice to the homeowner of the availability of the provisions of sections 49-31d to 49-31i, inclusive, at the time the action is commenced.
 (b) A homeowner who is given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, must make application for protection from foreclosure within fifteen days of the return day.
 (c) No judgment foreclosing the title to real property by, strict foreclosure or by a decree of sale shall be entered unless the court is satisfied from pleadings or affidavits on file with the court that notice has been given to the homeowner against whom the foreclosure action is commenced of the availability of the provisions of sections 49-31d to 49-31i, inclusive.
 (d) If a homeowner against whom the foreclosure action is commenced was not given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, at, the time the action was commenced, and such homeowner was eligible to apply for protection from foreclosure at such time, the court, upon its own motion or upon the written motion of such homeowner, may issue an order staying the foreclosure action for fifteen days during which period the homeowner may apply to the court for protection from foreclosure by submitting an application together with a financial affidavit as required by subsection (a) of section 49-31f. CT Page 3715
In the present action, the plaintiff's complaint concludes as follows:
 NOTICE: A PERSON WHO IS UNEMPLOYED OR UNDER-EMPLOYED AND WHO HAS (FOR AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT, OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS HIS PRINCIPAL RESIDENCE, MAY, BE ENTITLED TO CERTAIN RELIEF PROVISIONS UNDER CONNECTICUT GENERAL STATUTES SECTION 49-31(d) TO 49-31(i) INCLUSIVE. YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THIS ACT.
Based on the above notice, the plaintiff has sufficiently complied with the notice requirements of § 49-31e.
With regard to the timeliness of the defendant's application, the return date of the plaintiff's complaint is October 4, 1994. In order to comport with § 49-31e(b), the defendant must have filed his application on or before October 19, 1994. However, he filed his application on December 5, 1994, more than six weeks after the mandated period allotted by statute. "[W]hen a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction. (Internal quotation marks omitted.)" Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 289,627 A.2d 1288 (1988), quoting Ahern v. New Haven, 190 Conn. 77, 82,451 A.2d 118 (1983). since a court is not vested with the discretion to grant an untimely application for protection from foreclosure,Fleet Bank, National Association, as Assignee of FDIC, as Receiver,of the Connecticut Bank and Trust Company, N. A. v. Shirley Holmes,5 Conn. L. Rptr. 532 (January 27) (1992, Satter, S.T.R.), the plaintiff's objection to the defendant's application is sustained.