[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR RELIEF FROM ABUSE
On July 25, 1995, the applicant, Jeannine Gallagher, filed a petition pursuant to General Statutes § 46b-15[1] seeking ex parte relief from alleged abuse by the respondent, Mark Staszewski, based on an affidavit alleging threats of violence by the respondent on July 24, 1995. On the basis of that affidavit, this court, Graham, J., granted the ex parte restraining order and scheduled a hearing for August 8, 1995, to consider continuing the order for up to an additional ninety days.
At the August 8 hearing, this court, sua sponte, raised the issue of subject matter jurisdiction. A review of the application, as well as the testimony given by the applicant at the hearing, reveals that this court's jurisdiction is invoked based solely on the claim that the respondent is the parent of the applicant's unborn child, whose birth is expected in March of 1996.[2]
CT Page 9327
General Statutes § 46b-15(a) limits the right to apply for relief pursuant to this statute to "any family or household member as defined in § 46b-38a". Subsection (2) of the latter statute defines "family or household member" as:
 (A) spouses, former spouses; (B) parents and their children; (C) persons eighteen years of age or older related by blood or marriage; (D) persons sixteen years of age or older other than those persons in subparagraph (C) presently residing together or who have resided together; and (E) persons who have a child in common regardless of whether they are or have been married or have lived together at any time.
The applicant acknowledges that the respondent is not a spouse, a former spouse, parent, child, person eighteen years of age or older related to her by blood or marriage, a person with whom she is presently residing or a person with whom she has resided. Rather, she claims that although they do not have a living child in common, she nonetheless qualifies for relief from abuse under the statute because she and the respondent are persons who have an unborn child in common, and that this relationship is consistent with subsection (2)(E) of § 46b-38a.
In construing a statute, a court will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent, State v. Breton, 212 Conn. 258,269 (1989), and this court therefore declines to read § 46b-38a(2)(E) as broadly as the applicant would wish. To be sure, had the legislature intended to include a relationship such as this one within the meaning of the phrase "family or household member", it could have done so. Whether it considered doing so is not revealed by the limited legislative history available to this court, although it may well have concluded that the problems of proof associated with such an extension of the definition would have made an inclusion unwise. Whatever the considerations may have been, the statute as it currently exists makes no reference to unborn children.
General Statutes § 46b-15 is a statute in derogation of common law, and, as such, it must be construed strictly. "[W]hen a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] CT Page 9328 construction." (Internal quotation marks omitted.) Ahern v. NewHaven, 190 Conn. 77, 82, 459 A.2d 118 (1983). "In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." Willoughby v. New Haven,123 Conn. 446, 454, 197 A. 85 (1937). "The rule that statutes in derogation of the common law are strictly construed can be seen to serve the same policy of continuity and stability in the legal system as the doctrine of stare decisis in relation to case law." 3 J. Sutherland, Statutory Construction (5th Ed. Singer 1992 Rev.) 61.01, pp. 172-73.
Strict construction in this case requires the court to view the word "child" as not encompassing the fetus allegedly being carried by the applicant.[3] This is a definitional determination, and not a religious, philosophical or biological one that requires the court to determine when a "life" begins. Although Title 46b of the General Statutes does not define the word "child", General Statutes § 17a-1(d) defines it as "any person under sixteen years of age", for purposes of those statutes dealing with the Department of Children and Families, and General Statutes § 17a-93(a) defines a child as "any person under eighteen years, of age, except as otherwise specified, or any person under twenty-one years of age who is in full-time attendance in a secondary school, a technical school, a college or a state accredited job training program", for purposes of our state's child welfare laws. By either definition, age is measured from the time of birth, not conception, and one cannot be a "child", by definition, until he or she has been born and his or her age has begun to accrue. Although the above-quoted definitions are not specifically a part of the family violence statutes, their inclusion in statutes dealing with children, families and child welfare suggest that, in the absence of any such definition within the family violence laws, they are appropriate definitions for purposes of the determinations that this court needs to make.
Moreover, by its own terms, this statute was designed to apply to families. The reference to spouses and former spouses clearly implicates the concept of a family, as does the reference to parents, children and persons eighteen years of age or older related by blood or marriage. As to persons sixteen years of age or older who reside or have resided together, while not a "family" in the classic sense, the residency relationship is akin CT Page 9329 to a family relationship, as is one which, even though without the benefit of matrimony, results in the production of a living child. The allegations implicit in the application herein do not, at this point in time, suggest that this is a "family" in any meaningful sense.
Moreover, this is not a situation in which the only forms of relief that might be available to the applicant are to be found under the terms of General Statutes § 46b-15. The parties advised the court, for example, that a harassment charge arising out of the same factual allegations is currently pending against the respondent in the Superior Court of the 7th Geographical Area here in Meriden. The applicant is free to seek to invoke the criminal process as is any individual who has been threatened with physical abuse in a nonfamily context. The applicant also has available a variety of civil remedies relevant to her alleged condition.
It is the opinion of this court that the allegation that the respondent is the parent of the applicant's unborn child is not sufficient to invoke the jurisdiction of this court pursuant to General Statutes § 46b-15. Accordingly, the application for relief from abuse is dismissed.