[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION FOR SUMMARY JUDGMENT
The plaintiff, Gustavo Vaillant, commenced this action against the City of Norwalk (City) to recover damages for CT Page 7919 personal injuries allegedly sustained during his arrest on May 16, 1996. The plaintiff claims that he was arrested by the Darien Police while he was legitimately repossessing an automobile. According to the plaintiff, he notified the Norwalk Police Department on May 14, 1994, of his intent, pursuant to General Statutes § 36a-785, to repossess a vehicle registered to Alvena Pierce. Despite this notification, the plaintiff claims that the Norwalk Police Department issued a stolen car report when Pierce reported the car stolen after it had been repossessed on the morning of May 16, 1996. The plaintiff essentially alleges that the City was negligent because the Norwalk Police Department failed to maintain the appropriate records regarding the repossession of motor vehicles in violation of the police department's General Order No. 91-03, and that this failure was the proximate cause of the plaintiff's arrest and personal injuries. Finally, the plaintiff claims that he served a written notice of intention to file a claim on or about September 21, 1994, as required by General Statutes § 7-465.
On December 13, 1996, the City filed a motion for summary judgment (#158) as to the first count of the plaintiff's complaint. The defendant argues, among other things, that § 7-465
does not create a right of action against the City in the absence of a suit against an individual employee of the City.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
The City contends that the plaintiff's first count is based on General Statutes § 7-465. According to the City, an action under § 7-465 must be brought in two counts: the first against the municipal employee and the second against the municipality under the statute. Because the plaintiff has failed to name a CT Page 7920 municipal employee as a defendant in this case, the City argues that the plaintiff cannot pursue its claim against the City of Norwalk under General Statutes § 7-465.
Practice Book § 109A (a) provides in pertinent part: "When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." In the first count of the revised amended complaint, the plaintiff cites to General Statutes § 7-465. "Section 7-465 of the General Statutes provides an indemnity to a municipal employee . . . for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment." (Internal quotation marks omitted.) Ahern v. New Haven, 190 Conn. 77, 81,459 A.2d 118 (1983). "Section 7-465, although entitled `[a]ssumption of liability for damage caused by employees,' imposes no liability upon a municipality for breach of any statutory duty of its own. . . . The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee. . . . The municipality's liability is derivative." (Citations omitted.)Id., 82.
"To sustain an action against a municipality under this statute there must be a judgment against the employee under certain prescribed conditions . . . ." Id., 81. "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Internal quotation marks omitted; emphasis in original.) Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1987). In order to comport with § 7-465, the plaintiff's original complaint must have necessarily claimed liability on the part of a municipal employee individually and indemnity therefor by his municipal employer. Kaye v. Manchester,20 Conn. App. 439, 443, 568 A.2d 459 (1990) (affirming decision of the trial court granting the town's motion for summary judgment on the ground that the plaintiff failed to state a claim against an individual municipal employee).
In the present case, the plaintiff has failed to name any employee of the City of Norwalk as a defendant and thus, cannot prevail on his claim against the City of Norwalk under § 7-465. A CT Page 7921 municipality's liability under the statute is derivative. Ahernv. New Haven, supra, 190 Conn. 82. Furthermore, it appears that any attempt by the plaintiff to amend his complaint at this point to include a claim against a municipal employee would be barred by the statute of limitations. See Kaye v. Manchester, supra,20 Conn. App. 443-46 (amendment to include a claim against a municipal employee stated a new cause of action against a new defendant and did not relate back to the original complaint for purposes of the statute of limitations). The defendant's motion for summary judgment as to the first count of the plaintiff's revised amended complaint is granted.
JOHN J.P. RYAN, JUDGE