[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action seeking to recover for injuries sustained by the plaintiff, Debra Rotonto, a custodian employed at the Greater Coventry Association for Retarded Citizens, when she fell one story down the shaft of a vertical platform lift while performing custodial work at the Coventry Town Hall. The defendants, the Town of Coventry (Town), John Elsesser, the town manager, and Walter Veselka, the town director of public works, move for summary judgment as to count five, alleging negligence against the Town, Elsesser and Veselka, and as to count six, claiming indemnification from the Town pursuant to General Statutes § 7-465, on the ground that the defendants are shielded from liability by the doctrine of governmental immunity.
 I (A)
The defendants first argued that the plaintiff's common law negligence claim in count five against the Town, in the absence of a specifically pleaded statutory exception abrogating the doctrine of governmental immunity, is barred by such immunity, relying on Williams v. New Haven,243 Conn. 763, 707 A.2d 1251 (1998). However, the plaintiff has requested leave to amend her complaint specifically to allege liability pursuant to General Statutes § 52-557n, and the defendants have not objected to the amendment.
 I (B)
Nevertheless, the defendants argue that, even under § 52-557n, the Town is immune from liability for the negligent acts of its employees acting within their discretionary duty. Section 52-557n provides in relevant part that "a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . ." General Statutes § 52-557n (a)(1)(A). Section 52-557n(a)(2)(13) provides an exception to such liability, however, in that "a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the CT Page 12672 exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Thus, generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental act or discretionary act.Kolaniak v. Board of Education, 28 Conn. App. 277, 281, 610 A.2d 193
(1992); see also Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937
(1998). The distinction is that governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature while ministerial acts are performed in a prescribed manner without the exercise of judgement or discretion as to the propriety of the action. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,167-68, 544 A.2d 1185 (1988). If by statute or other rule of law the official's duty is clearly ministerial rather than discretionary, a cause of action lies for an individual injured from allegedly negligent performance. Shore v. Stonington, 187 Conn. 147, 153, 444 A.2d 1379
(1982).
The defendants claim that their duties with regard to the inspection, repair, maintenance and safety of the lift were wholly discretionary, but the plaintiff claims that under General Statutes § 29-200 and sections 29-200-1 through 29-200-10 of the Regulations of Connecticut State Agencies the duty to inspect, maintain and repair elevators is a ministerial one.
In examining the regulations cited by the plaintiff, (§§ 29-200-1
through 29-200-10 of the Regulations of Connecticut State Agencies were repealed effective March 30, 1999, and replaced with §§ 29-200-1a
through 29-200-5a), nothing in the statute or the regulatory scheme appear to impose any prescribed duties specifically upon municipalities or their agents or employees with regard to the lift in question. The statute and regulations generally provide that all lifts must be installed in accordance with applicable building and fire safety codes, that all lifts must be installed by licensed persons, that permit applications to install such lifts must be submitted to the local building official and that use of lifts deemed dangerous by the commissioner of public safety must be discontinued. No other statutes or regulation has been cited which prescribe specified duties regarding installation, inspection, operation or maintenance of lifts upon municipalities or their agents or employees.
The affidavits of the defendants Elsesser and Veselka state that the lift was installed at the Coventry Town Hall as an accommodation to the disabled public, and this is not disputed by the plaintiff. Municipal functions undertaken for the public benefit, unless maintained for the corporate profit of the municipality, fall within the protection of governmental immunity for governmental acts. See Bassi v. Derby, Superior CT Page 12673 Court, judicial district of Ansonia-Milford at Milford, Docket No. 25455 (November 20, 1989, Curran, J.) (1 Conn.L.Rptr. 36, 37); see also Brownv. Branford, 12 Conn. App. 106, 111, 529 A.2d 743 (1987) (promotion of comfort, safety and overall welfare of general public is governmental duty).
Finally, our Supreme Court has recognized that there are cases where the nature of the act complained of, i.e. whether ministerial or discretionary, is apparent from the complaint. See Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 628 (2000); Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989). Here, the acts or omissions claimed against the defendants do not describe a failure to perform ministerial duties to correct the alleged defective and dangerous condition in a specific, described manner pursuant to statutory authority or other rule of law. See Shore v. Stonington, supra, 187 Conn. 153. Rather, the gravamen of the plaintiff's complaint is that the defendants failed to make reasonable and proper inspection of the lift and to effectively remedy the alleged dangerous condition. In the absence of a statutory or regulatory scheme prescribing when and how the defendants should conduct such inspections or remedy defective conditions, however, the manner in which they chose to do so was left to their discretion.
Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder, the court finds for the above stated reasons that the plaintiff has failed in its burden as the party opposing summary judgment to provide an evidentiary foundation to demonstrate the existence of an issue of fact regarding the nature of the defendants' actions. See Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). The pleadings and undisputed facts show that the defendants' actions taken with regard to the inspection and maintenance of the lift in question were discretionary.
 I (C)
However, the plaintiff claims that the "identifiable person/imminent harm" exception removes the qualified immunity for discretionary acts of municipal employees. This exception applies "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ."Purzycki v. Fairfield, supra, 244 Conn. 108. In that case, our Supreme Court held that the exception applies not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims.
Recently our Appellate Court has construed General Statutes § CT Page 1267452-557n(a) as not barring recovery from a potential subdivision where this exception applies, Colon v. New Haven, 60 Conn. App. 178, 184
(2000), in effect overruling several Superior Court decisions to the contrary. Thus the exception, where it exists, applies equally to the liability of the Town and its employees.
 I (D)
Whether the defendants owed a duty to prevent the risk of imminent harm to the plaintiff because she is an identifiable person is a question of law for the decision of the court. See Tryon v. North Branford,58 Conn. App. 702, 715-16, ___ A.2d ___ (2000).
In Evon v. Andrews, supra, 211 Conn. 501, after a fire in a multifamily rental unit killed the plaintiffs' decedent, the plaintiffs alleged that the town and municipal defendants were negligent in failing to make reasonable and proper inspections of the premises and to enforce certain regulations and building codes. The Supreme Court agreed that the action was barred by governmental immunity, rejecting the plaintiff's claim that the "identifiable person/imminent harm" exception applied, stating: "The risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons' . . . . [T]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id., 508.
In Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1 (1994), a student slipped and fell due to icy conditions on school premises. The Supreme Court found that statutory and constitutional mandates demonstrate that school children who are statutorily compelled to attend school during specified hours on specified days are intended to be the beneficiaries of certain duties of care exercised by school officials. As such, the court held that school children are an identifiable class of persons to whom school officials were liable for failing to act to prevent the risk of imminent harm. Id., 648-49.
Similarly, the Supreme Court reiterated in Purzycki v. Fairfield,
supra, 244 Conn. 101, that "schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." Id., 109. In that case, a school child was injured when he was tripped by a fellow student in an unsupervised school hallway where it was the policy of school officials to leave the hallway unmonitored.
CT Page 12675 In the recent Appellate Court decision of Colon v. New Haven, supra,60 Conn. App. 178, the plaintiff student was struck in the head by a door that was swung open by a teacher at the school. While agreeing with the trial court that the action of the teacher was discretionary, the Appellate Court, after reviewing the applicable Supreme Court decisions, held that the plaintiff student was subject to danger that was limited in duration and that the potential for harm was significant and foreseeable, and therefore the identifiable person — imminent harm exception was applicable.
In the present case the plaintiff claims that she is an identifiable person and states that she was assigned by her employer, the Greater Coventry Association for Retarded Citizens, to do custodial work at the Coventry Town Hall on a part-time, limited basis and that the lift was used by handicapped persons and by workers to carry cleaning buckets and equipment from floor to floor. These statements are consistent with the affidavits of Elsesser and Veselka, who both attest that the lift was installed as an accommodation to the disabled public. The body of disabled persons for whom the use of the lift was intended would seem to be as identifiable as the body of students in Colon v. New Haven. There is at least a material question of fact as to whether the defendants' alleged negligent conduct threatened the plaintiff with imminent harm.
Since the defendants owed a duty to the plaintiff as an identifiable person to refrain from subjecting her to imminent harm, the defendants' motion for summary judgment as to count five is denied.
 II
The defendants also move for summary judgment as to count six claiming indemnification against the Town pursuant to General Statutes § 7-465, because the claims against Elsesser and Veselka are barred by governmental immunity and therefore, there is no basis for an indemnification claim against the municipality. Section 7-465
"indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for injury to person or property. A plaintiff bringing suit under General Statutes § 7-465
first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original.) Sestito v. Groton, 178 Conn. 520,527, 423 A.2d 165 (1979). "Section 7-465, although entitled `[a]ssumption of liability for damage caused by employees,' imposes no liability upon a municipality for breach of any statutory duty of its own. . . . The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal CT Page 12676 employee. . . . The municipality's liability is derivative." Ahern v. NewHaven, 190 Conn. 77, 82, 459 A.2d 118 (1983). Unless the claim against the municipal employees fails, the claim for indemnification from the municipality does not necessarily fail. See Kostyal v. Cass, 163 Conn. 92,97-98, 302 A.2d 121 (1972).
The defendants' motion for summary judgment as to count six is denied.
Wagner, J. TJR