[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Brian McGrath and the City of New Haven, have moved this court to strike counts two and three of the plaintiff's complaint. The plaintiff filed an objection. For reasons more fully set forth below, this court grants the defendants' motion to strike counts two and three.
The pertinent facts are as follows. The plaintiff, Vernell McLaurin, filed a complaint on February 14, 2000, alleging in count one that on or about July 8, 1999, Jean West, an employee of Yale University, negligently drove a vehicle, owned by Yale, into McLaurin's vehicle, resulting in an accident. McLaurin alleges that she exercised due care at the time of the accident and that as a result of the accident she has and CT Page 12866 will suffer pain and injuries. McLaurin alleges in count two that at the time of the accident, the defendant, Brian McGrath, was the director of the traffic department for the city of New Haven, and that he had the duty to make decisions regarding the placement of traffic signs in the city. McLaurin further alleges that McGrath was negligent in that he failed to reasonably investigate the intersection where the accident occurred and had he done so, a traffic sign would have/should have been placed there. In count three, the plaintiff claims indemnity from the city for the alleged negligence of its employee, McGrath, pursuant to General Statutes § 7-465.
The defendants, McGrath and the city, filed a motion to strike counts two and three of McLaurin's complaint, along with the required memorandum in support. McLaurin has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 625
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotations marks omitted.) Id. If the facts provable under the allegations of the complaint would support a cause of action, the motion to strike I must fail. Mingachos v. CBS,Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). A defendant may raise the doctrine of governmental immunity on a motion to strike. See Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170-72, 544 A.2d 1185
(1988).
The defendants argue that the two counts should be stricken because they are entitled to qualified immunity. They contend that the maintenance of highways is a governmental function. The defendants further argue that because none of the exceptions to governmental immunity have been pled, count two should be stricken. The defendants also argue that if count two is stricken, then count three which seeks indemnity must also be stricken. Alternatively, the defendants argue that because McLaurin's complaint alleges a highway defect, McLaurin's exclusive remedy is the highway defect statute and that, for this reason, her present complaint should be stricken.
McLaurin counters the defendants motion by claiming that McGrath has a ministerial duty under General Statutes § 14-314a to review all CT Page 12867 traffic signals, devices, signs and markings on the highways within his jurisdiction and to determine if a sign is reasonably necessary.[1]
The issue for this court to decide is whether or not the replacement and installation of stop signs can be deemed, as a matter of law, discretionary or ministerial. At least two Superior Courts faced with this issue have held that these acts are, as a matter of law, discretionary and not ministerial. Sousa v. Brookfield, Superior Court, judicial district I of Danbury, Docket No. 307588 (May 27, 1992, Fuller,J.) (6 Conn.L.Rptr. 468, 469). See also Dunbar v. Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310727 (May 5, 1994, Fuller, J.) (11 Conn.L.Rptr. 448). This court concurs. In fact, this court finds the language in Sousa instructive in deciding this case.
 "Whether or not governmental immunity exists for conduct of a municipality, its officers and employees is a question of law. Gordon v Bridgeport Housing Authority, 208 Conn. 161, 171, Brown v Branford, 12 Conn. App. 106, 11. At common law, municipal officials were liable for their own torts, but the municipality was not vicariously liable for them. Sanzone v Board of Police Commissioners, supra 193. `[A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . .' Evons v. Andrews, 211 Conn. 501, 505; Frasier v Henninger, 173 Conn. 52, 60. A ministerial act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v Andrews,
supra, 505, Gauvin v. New Haven, 187 Conn. 180, 184. ". . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.' Brown v. Branford, supra, 110, Gauvin v. New Haven, supra 184. Where municipal officials are engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity, subject to three exceptions: (1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws and (3) where the alleged acts involve malice, wantonness, or intent to CT Page 12868 injure, rather than negligence. Evon v. Andrews, supra 505."
Sousa v Town of Branford, supra.
Having already decided that the function for which the plaintiff is attempting to hold the defendants liable, namely the replacement or installation of traffic signs, is one that must be considered discretionary, the next inquiry is whether or not one of the three exceptions applies in this case. McLaurin argues that even if the court finds that McGrath's duties were discretionary in nature, she is a foreseeable member of a class that deserves protection and was subjected to imminent harm. She further argues that McGrath could have reasonably prevented this collision by inspecting the intersection either by establishing parking restrictions which would have enabled McLaurin to see whether traffic was approaching, or by placing a stop sign for motorists approaching the intersection. While the plaintiff makes this argument in her brief, she has not pled facts to support it in her complaint. The plaintiff has failed to plead any exception to the governmental immunity doctrine in the complaint. Therefore, count two is ordered stricken.
This court next turns to count three. That count claims that the city must indemnify its employee. The defendants argue that if count two of McLaurin's complaint is stricken, then count three must be stricken because § 7-465 does not impose liability upon a municipality for the breach of any statutory duty of its own. They argue that the city's liability is derivative and, consequently, that if McGrath is immune from suit, then liability cannot attach to the city.
"The statute [§ 7-465] indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for injury to person or property."[2] Sestito v. Groton, 178 Conn. 520,527, 423 A.2d 165 (1979). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove theemployee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original; internal quotation marks omitted.) Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). "inn a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Id. "Section 7-465 imposes no liability upon a municipality for breach of any statutory duty of its own." Ahern v. New Haven,190 Conn. 77, 82, 459 A.2d 118 (1983). "The municipality's liability is derivative." Id. CT Page 12869
Because this court holds that count two must be stricken, there is no claim for liability against a city employee. Therefore there can be no claims pursuant to § 7-465 against the City. Consequently, count three must be stricken.
Having decided the issues based on the primary arguments raised by the defendants, there is no need for this court to consider their alternative argument that the highway defect statute provides the exclusive remedy in this case.
Angela Carol Robinson, J.