FREDERICK R. ALTFETER ET AL. *v.* BOROUGH OF
NAUGATUCK ET AL.
(AC 17724)
(AC 17865)
(AC 17996)

Foti, Lavery and Landau, Js.

Argued January 20—officially released June 22, 1999

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*David J. Mathis*, with whom, on the brief, was *William F. Beckert, Jr.*, for the appellees (named defendant et al.).

*Dana J. Beyer*, for the appellees (defendant Edwin March et al.).

*Louis A. Annecchino*, for the appellee (defendant John P. Pruchnicki).

*Opinion*

LANDAU, J. The plaintiffs, Frederick R. Altfeter, Ellen Altfeter, his wife, and Frederick D. Altfeter and Sarah Altfeter, their children, appeal from the judgment of dismissal rendered in favor of the defendants, the borough of Naugatuck, the water pollution control board and John P. Pruchnicki, executive director of the water pollution control board (municipal defendants), and from the summary judgment rendered in favor of the defendants Edwin March and Stella March (March

defendants) and the defendant John Pruchnicki, individually. We reverse the judgment of the trial court as to the municipal defendants and affirm the judgment as to the individual defendants.[1]

On appeal, the plaintiffs claim with respect to the municipal defendants that (1) the municipal defendants have admitted all of the allegations in the amended complaint by failing to respond to the plaintiffs' requests for admission and (2) the trial court improperly determined that (a) the plaintiffs failed to provide notice of their intent to sue as required by General Statutes § 7-465,[2] (b) the municipal defendants were not estopped from asserting the notice provision of § 7-465, (c) § 7-465 does not apply to contractual relations and (d) 42 U.S.C §§ 1981 and 1983 do not supersede state law and the plaintiffs' claims thereunder are barred by § 7-465. The plaintiffs claim with respect to the individual defendants that the trial court improperly determined that (1) their causes of action are barred by the applicable

[1] The March defendants and Pruchnicki are jointly referred to as the individual defendants.

[2] General Statutes § 7-465 (a) provides in relevant part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . if the employee, at the time of the occurrence . . . or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . No action for . . . damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. . . . In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court . . . that it will pay any verdict rendered in such action against such employee. . . ."

statute of limitations, (2) the defendants' motions for summary judgment do not violate Practice Book § 17-49, (3) the plaintiffs do not have standing to bring a cause of action for breach of contract either as parties to or third party beneficiaries of the contract and (4) the March defendants and Pruchnicki did not commit a fraud on the court. They also claim that the trial court abused its discretion by denying their request for a continuance based on an affidavit filed pursuant to Practice Book § 17-47.

The following facts and procedural history are pertinent to our resolution of these consolidated appeals. In October of 1985, the March defendants sold three undeveloped parcels of land in the borough to the defendant Hillside Associates (Hillside).[3] Pruchnicki was the attorney who represented the March defendants at the closing of the transaction. In 1986, the plaintiffs purchased one of the parcels from Hillside and entered into a contract with Hillside to construct a house for them. On June 1, 1986, the plaintiffs moved into the house at 239 Hillside Avenue, where they have since resided. The plaintiffs' home was connected to the borough's sewer system.

One Saturday in January, 1994, sewage backed up in the plaintiffs' washing machine. The plaintiffs contacted the police who referred them to the borough's street department. The plaintiffs engaged a private service to clean that portion of the sewer line connecting their home to the main line and no problem was detected. The street department cleared a blockage in the main line and the borough assumed responsibility for the costs that the plaintiffs incurred to clean the sewer line to their home. The problem recurred and sewage overflowed the plaintiffs' washing machine on Saturday, December 23, 1995. Again the street department

---

[3] Hillside is not a party to these appeals.

responded and found a blockage in the main line, and again the borough assumed responsibility for the costs that the plaintiffs incurred to clean their home.

The problem recurred on Saturday, January 27, 1996, when the plaintiffs were absent from their home. When the plaintiffs returned home late in the evening, they discovered that their entire finished basement was flooded with approximately two inches of raw sewage. Again the street department responded and found a blockage in the main sewer line. The plaintiffs were advised by a street department employee to submit a claim for damages to the mayor's office. On February 8, 1996, the plaintiffs submitted a letter to the borough in care of the mayor's office, claims department. The incident was referred to the borough's insurance carrier who investigated the incident, denied liability but offered to settle the plaintiffs' claim for approximately $3900. The plaintiffs rejected the offer.

In November, 1996, the plaintiffs commenced a lawsuit against the defendants seeking damages for the losses they sustained as a result of the January 27, 1996 sewage backup in their home.[4] The municipal defendants filed a motion to dismiss the claims against them because the plaintiffs failed to comply with the notice provision of § 7-465, which was granted. Pruchnicki and the March defendants filed separate motions for summary judgment as to the plaintiffs' causes of action against them, which also were granted. The plaintiffs appealed the separate judgments, which were consolidated for briefing and argument in this court. Additional facts will be addressed as necessary.

[4] The plaintiffs' original thirteen count complaint alleged, inter alia, breach of contract against Pruchnicki for having represented the March defendants in the initial real estate transaction, breach of contract against the March defendants with respect to the initial real estate transaction, and breach of contract against the municipal defendants with respect to representations they made concerning the borough's sewer system.

# I

## MUNICIPAL DEFENDANTS

### A

The plaintiffs first claim that the municipal defendants admitted the allegations of the amended complaint by failing to respond to requests to admit, which were filed on September 22, 1997, and that the municipal defendants therefore are liable to the plaintiffs. The plaintiffs ask this court to render judgment as to liability against the municipal defendants and to return the case to the trial court for a hearing in damages. We decline to review this claim.

The plaintiffs filed requests to admit in September, 1997, more than five months after the trial court granted the municipal defendants' motion to dismiss. At the time the requests were filed, the plaintiffs had taken an appeal from the judgment of dismissal. No motions related to the requests for admission were ever filed in the trial court. The trial court, therefore, has never ruled on anything related to the requests for admission. "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 60-5. " 'We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim.' *Keating* v. *Glass Container Corp.*, 197 Conn. 428, 431, 497 A.2d 763 (1985)." *State* v. *Beliveau*, 52 Conn. App. 475, 479, 727 A.2d 737, cert. denied, 249 Conn. 920, 733 A.2d 235 (1999).[5]

---

[5] The plaintiffs also have failed to cite any law in support of their claim. We will not review claims absent law and analysis. See *Middletown Commercial Associates Ltd. Partnership* v. *Middletown*, 42 Conn. App. 426, 439 n.12, 680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996).

## B

The plaintiffs next claim that the trial court improperly determined that they had failed to provide notice of their intent to sue the municipal defendants as required by § 7-465.[6] Because we conclude that § 7-465 does not apply to the allegations of the plaintiffs' complaint against the municipal defendants, we need not reach the question of notice.

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book § 10-31 (a). " '[W]here [the] legal conclusions of the [trial] court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . .' *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). Thus, our review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." *Pitchell* v. *Hartford*, 247 Conn. 422, 428–29, 722 A.2d 797 (1999).

The following facts and procedure are relevant to our analysis. The plaintiffs' convoluted amended complaint dated January 2, 1997, purports to allege the following wrongdoing against the borough: count one, breach of contract; count two, violation of the constitution of Connecticut, article first, § 8; count three, violation of the constitution of Connecticut, article first, § 11; count four, violation of General Statutes § 7-248; count five, absolute nuisance; count six, negligent nuisance; count seven, recklessness; count eight, intentional infliction

---

[6] In a memorandum of decision dated March 20, 1997, the trial court, *Leheny, J.*, granted the municipal defendants' motion to dismiss, ruling that although a letter the plaintiffs delivered to the borough informed it of the date, nature and cause of their loss, the letter did not inform the borough that the plaintiffs intended to bring a lawsuit. The trial court noted that § 7-465 is an indemnification statute.

of emotional distress; count nine, fraud; count ten, violation of the borough's code of ordinances, public nuisance; count eleven, violation of the borough's code of ordinances, strict liability; count twelve, negligent misrepresentation; count thirteen, violation of 42 U.S.C. §§ 1981 and 1983. Counts fourteen through twenty-six purport to allege the same wrongdoing against the water pollution control board. Counts twenty-seven through thirty-nine purport to allege the same wrongdoing against the executive director of the water pollution control board. Nowhere in their amended complaint do the plaintiffs allege a claim for indemnification pursuant to § 7-465.

By pleading dated January 28, 1997, the municipal defendants moved to dismiss the plaintiffs' amended complaint as to them. The motion to dismiss states: "Pursuant to Connecticut Practice Book Section 162 [now § 10-30], the defendants, Borough of Naugatuck, Water Pollution Control Board and John P. Pruchnicki, Executive Director, Water Pollution Control Board, hereby move to dismiss the plaintiff's Amended Complaint against them. The plaintiffs failed to provide notice to the defendants of their intent to sue the municipality as required under § 7-465. The court therefore lacks jurisdiction over the subject matter."

In the memorandum of law submitted in support of their motion to dismiss, the municipal defendants claim that the notice the plaintiffs sent to the borough was deficient in that it did not provide notice of the plaintiffs' intention to sue the municipality and that such notice is a condition precedent to bringing an action against the municipal defendants. The municipal defendants' memorandum is brief and fails to address whether § 7-465, in fact, applies to the allegations of the plaintiffs' complaint. The trial court ruled that the plaintiffs had not properly notified the borough and granted the motion to dismiss as to all the municipal defendants.

Section 7-465 is a municipal employee indemnification statute. *Pratt* v. *Old Saybrook*, 225 Conn. 177, 179, 621 A.2d 1322 (1993). "[T]he legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct. See General Statutes §§ 7-465 and 7-308." *Williams* v. *New Haven*, 243 Conn. 763, 768, 707 A.2d 1251 (1998). To invoke § 7-465, the plaintiffs "first must allege in a separate count and prove the *employee's* duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original.) *Sestito* v. *Groton*, 178 Conn. 520, 527, 423 A.2d 165 (1979). " 'While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance.' " *Fraser* v. *Henninger*, 173 Conn. 52, 56, 376 A.2d 406 (1977).

The plaintiffs do not allege in their amended complaint a claim against the borough for indemnification of its employee's liability. The plaintiffs' complaint alleges breach of contract, nuisance and violations of our state constitution and various federal and local statutes by the borough. Section 7-465 does not apply to those allegations. See *Forbes* v. *Ballaro*, 31 Conn. App. 235, 241, 624 A.2d 389 (1993). For those reasons, the trial court improperly dismissed the plaintiffs' amended complaint for failing to comply with the notice requirement of § 7-465.

We also note that only a municipality may assert the absence of notice required by § 7-465 in a motion to dismiss for lack of subject matter jurisdiction. There is nothing in the statute that restricts the plaintiffs from bringing a cause of action against municipal employees such as Pruchnicki, as executive director, or the water

pollution control board. See *Fraser* v. *Henninger*, supra, 173 Conn. 56. The trial court, therefore, improperly dismissed the plaintiffs' causes of action against these two defendants.

Consequently, we reverse the judgment of dismissal as to the municipal defendants. In light of our holding on the applicability of § 7-465 to the complaint, we need not consider the plaintiffs' other claims concerning the municipal defendants.

## II

### INDIVIDUAL DEFENDANTS

#### A

The plaintiffs claim that the trial court improperly granted the individual defendants' motions for summary judgment because the statute of limitations has expired. We disagree.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and *the party opposing such a motion*

*must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.* Practice Book § 381 [now § 17-46]. . . . *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). Summary judgment may be granted where the claim is barred by the statute of limitations. See *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 566–70, 512 A.2d 893 (1986); *Burns* v. *Hartford Hospital*, 192 Conn. 451, 472 A.2d 1257 (1984) . . . ." (Emphasis added; internal quotation marks omitted.) *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996).

Although "the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998). A party opposing a motion for summary judgment " 'must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.' " *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995).

The following facts are necessary for our analysis of this claim. Counts forty through fifty-two of the amended complaint allege against Pruchnicki by reference only the allegations of counts one through thirteen. Counts fifty-three through sixty-five of the amended complaint allege against the March defendants by reference only the allegations of counts one through thirteen. Counts one through thirteen of the amended complaint are directed against the defendant borough. See part I B of this opinion. It is unclear what causes of action the plaintiffs have alleged against the individual defendants. The motions for summary judgment, however, were

argued in the trial court and before us on a contract theory, which is the legal basis of our analysis.

By pleading dated June 27, 1997, Pruchnicki filed a motion for summary judgment claiming that there was no genuine issue of material fact in that the plaintiffs did not bring their cause of action within the applicable statute of limitations and that the plaintiffs lacked standing to assert their claims.[7] Although he did not plead the applicable statute of limitations as a special defense when he answered the amended complaint[8] and did not identify the applicable statute of limitation in his motion,[9] Pruchnicki, in his memorandum in support of the motion, cites General Statutes § 52-576 (a) as the legal basis for his motion for summary judgment. Pruchnicki submitted an affidavit in support of his motion for summary judgment in which he attested that he has been an attorney licensed to practice in Connecticut since 1970, that he represented the March defendants in October, 1985, when they sold undeveloped real estate to Hillside and that the attorney-client relationship ended thereafter. He also attested that he never represented the plaintiffs. The plaintiffs failed to object to the motion for summary judgment or to submit an affidavit demonstrating there were genuine issues of material fact.[10]

The trial court, *Gill, J.*, granted the motion for summary judgment concluding: "Granted as to the defendant's personal liability as an individual in the contract

---

[7] Pruchnicki argued that the plaintiffs were not parties to the contract of sale between the March defendants and Hillside. Because we conclude that the plaintiffs' causes of action are barred by the statute of limitations, we need not address this second claim.

[8] See Practice Book § 10-50 (statute of limitations defenses must be specially pleaded).

[9] The better method is to identify the applicable statute of limitations. See Practice Book § 10-3 (a).

[10] On the day the motion for summary judgment was heard by the court, the plaintiffs' counsel submitted an affidavit seeking a continuance to obtain

action. The statute of limitations was exceeded by approximately six years. The court finds no claimed circumstances which would have tolled the statute. The intents of justice and judicial administration and the law require this result."

Section 52-576 (a) provides: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section." In this jurisdiction, a lawsuit is commenced when a proper officer serves a writ of summons and complaint on the defendant. See *Lacasse* v. *Burns*, 214 Conn. 464, 475, 572 A.2d 357 (1990).

Pruchnicki represented the March defendants in the subject real estate transaction in October, 1985. The plaintiffs allege that the March defendants sold the undeveloped real estate to Hillside and that they purchased a home on that property from Hillside in June, 1986. Pruchnicki did not represent the plaintiffs when they purchased their home. The sheriff's return indicates that he made service on the March defendants in November, 1996. In the absence of any evidence to the contrary, the trial court fairly concluded that more than ten years had passed between the time Pruchnicki represented the March defendants and when the plaintiffs instituted this lawsuit and that, therefore, the suit is barred by the applicable statute of limitations, § 52-576.

The March defendants responded to the plaintiffs' amended complaint with a pleading dated October 10, 1997. They asserted a special defense that the plaintiffs' cause of action was barred by the applicable statute of limitations. The March defendants submitted a motion for summary judgment dated December 18, 1997,

facts to opposing the motion for summary judgment. The trial court refused to consider the affidavit for extension of time as untimely filed.

accompanied by an affidavit, arguing that the plaintiffs' claims are barred by the statute of limitations and that the plaintiffs lacked standing to allege the claims asserted. Although neither the special defense[11] nor the motion for summary judgment identified the statute of limitations on which the March defendants relied, they did identify § 52-576 in their supporting memorandum of law. They attested that Pruchnicki represented them in October, 1985, when they sold an undeveloped parcel of real estate to Hillside. The plaintiffs did not submit an affidavit in opposition to the March defendants' motion for summary judgment, which was granted by the trial court, *Carroll, J.*, ruling that the plaintiffs' cause of action was barred by the statute of limitations.

The March defendants sold their undeveloped real property to Hillside in October, 1985. The plaintiffs purchased the real property, together with improvements, from Hillside on June 1, 1986. They did not commence a cause of action until more than ten years after they moved into the house. The first time the sewer backed up was in January, 1994, nine years after the March defendants sold the property. The sewage backup that is the subject of this lawsuit occurred in January, 1996. The plaintiffs failed to provide any facts to contradict the evidence provided by the individual defendants and no legal basis by which the statute of limitations should be tolled. The plaintiffs, therefore, failed to meet their burden to oppose the granting of the motions for summary judgment.

The plaintiffs also claim that the causes of action asserted on behalf of the minor children are not barred by the statute of limitations, General Statutes § 52-576 (b), which provides, with respect to actions for account or on simple or implied contracts: "Any person legally

---

[11] When a special defense is grounded on a statute, the statute shall be specifically identified by its number. See Practice Book § 10-3 (a).

incapable of bringing any such action at the accruing of the right of action may sue at any time three years after becoming legally capable of bringing the action."[12] " 'In order for this court judiciously and efficiently to consider claims of error raised on appeal' . . . the parties must clearly and fully set forth their arguments in their briefs." (Citation omitted.) *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 100, 709 A.2d 14 (1998). The plaintiffs have provided us with no law and analysis of this claim. Therefore, we decline to review it. See id., 101.

For all of the foregoing reasons, the trial court properly granted the individual defendants' motions for summary judgment.

B

The plaintiffs also claim that the trial court abused its discretion by denying the plaintiffs' request for a continuance based on an affidavit filed pursuant to Practice Book § 17-47.[13] We are not persuaded.

The following facts are necessary for our resolution of the plaintiffs' claim. Pruchnicki's motion for summary judgment was argued at the October 14, 1997 short calendar. At that time, counsel for the plaintiffs presented the trial court with an affidavit filed pursuant to Practice Book § 17-47 seeking a continuance to obtain facts that would support the plaintiffs' position that the statute of limitations was tolled because of

---

[12] The plaintiffs also claim that the plaintiff children were the intended third party beneficiaries of the contract. Because we have determined that the trial court properly ruled that any contract claim is barred by the statute of limitations, we need not address this issue to resolve this claim.

[13] Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

Pruchnicki's fiduciary or special relationship with the plaintiffs. Defense counsel objected to a continuance because he had not seen a copy of the affidavit prior to the short calendar.[14] Furthermore, the plaintiffs failed to file a written motion for a continuance, but the trial court apparently interpreted the arguments of plaintiffs' counsel as an oral motion for continuance. The trial court denied the motion for continuance as being untimely.

The standard of review of a trial court's denial of a request for continuance was set forth in *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 490, 280 A.2d 359 (1971), where our Supreme Court adopted the abuse of discretion standard established by the federal courts. " 'Where, however, the party opposing summary judgment timely presents his affidavit . . . stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. And, absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court.' " Id.

We look to our rules of practice to determine whether the trial court abused its discretion in denying the plaintiffs' request for a continuance. Pruchnicki's motion for summary judgment was filed on June 30, 1997. The matter was not argued at short calendar until October 14, 1997. "A motion for summary judgment shall . . . be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party prior to the day the

---

[14] The record discloses that the plaintiffs filed the affidavit with the clerk on the Friday immediately preceding short calendar.

case is set down for short calendar shall file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings." Practice Book § 17-45.

First, we observe that the plaintiffs had more than three months in which to file a memorandum and affidavits in opposition to Pruchnicki's motion for summary judgment, which was based on the statute of limitations. Second, well before the short calendar argument, the plaintiffs knew that they needed more time to oppose the summary judgment motion. Finally, the issue raised by the plaintiffs in their motion for continuance is not a factual question but a legal theory. A motion for summary judgment shall be granted if there are no genuine issues of material fact. Practice Book § 17-49. The plaintiffs were searching for facts that would support their claim that Pruchnicki owed them a fiduciary duty that would toll the statute of limitations. A fiduciary duty cannot be found in discovery; it is a legal theory.[15] No amount of additional time would have allowed the plaintiffs to oppose the motion for summary judgment. Because the plaintiffs' request for a continuance was not only untimely but also lacking in merit, we conclude that the trial court did not abuse its discretion in denying a continuance.

C

The plaintiffs also claim that Pruchnicki and the March defendants committed a fraud on the trial court. The plaintiffs have not brought any ruling of the trial court on this matter to our attention. We will not review claims that were not raised in the trial court. *State* v. *Beliveau*, supra, 52 Conn. App. 479–80.

---

[15] See *Gupta* v. *New Britain General Hospital*, 239 Conn. 574, 687 A.2d 111 (1996) (distinguishing legal basis and genuine issues of material fact in motion for summary judgment).

The judgment as to the individual defendants is affirmed. The judgment as to the municipal defendants is reversed and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.