[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS (# 102)
This memorandum of decision addresses the motion to dismiss brought by the defendants David Killian and Town of East Hartford under date of July 13, 2000, upon their claim that the court lacks jurisdiction over the subject matter of this action (# 102). Specifically, the defendants assert that the plaintiff had failed to provide the municipality with written notice of her intention to commence this action as is required by General Statutes § 7-465, and that such failure is fatal to her claim against the town and Killian, its employee. The plaintiff filed an objection to the motion under date of July 24, 2000, countering that she has not brought a joint indemnification action against the municipality as is contemplated by § 7-465 (4 105). Rather, the plaintiff asserts that her complaint against the municipality "is based on the town's ownership of the motor vehicle operated by the employee, the statutory agency under Section 52-183 of the Connecticut General Statutes which holds the owner of the vehicle responsible for damages caused by its agent." Plaintiff's Memorandum of Law on Objection to Defendant's Motion to Dismiss, dated July 21, 2000 (# 104). As is required by Practice Book § 10-31, the parties have filed timely memoranda in support of their positions on this motion. After hearing and due consideration, the court finds this matter in favor of the plaintiff
The litigation arises from a collision between two motor vehicles which occurred on May 6, 1998 in East Hartford, and through which the plaintiff sustained personal injuries and losses. The complaint identifies three defendants: Killian, a police officer working for the Town of East Hartford, who was operating a police cruiser involved in the collision; the Town of East Hartford, who owned the police vehicle; and Marilyn Biveinis, in whose automobile the plaintiff was a passenger at the time of this incident.[1] The First Count of the complaint states the plaintiff's claims against Killian, alleging facts sufficient to support the conclusion that this defendant was operating the police vehicle in the course of his; authority and employment, at the time this accident occurred.[2] See Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998) ("What is necessarily implied [in an allegation] need not be expressly alleged."). The Second Count sets forth the plaintiff's claims against the town, incorporating the allegations of the First Count in their entirety. This count also presents specific allegations stating that at the time this incident occurred, Killian was operating the police cruiser as the agent and servant of the town, acting within the scope of his authority and in the course of his employment.[3] In addition, Paragraph 10 of the second count asserts that: "In accordance with Section 52-183 of the Connecticut General Statutes, the defendant, Town of East Hartford, is liable for the damages caused by its agent."[4]
 I. PROCEDURAL ISSUES RELATING TO THE MOTION TO DISMISS CT Page 14071
In considering the issues raised by the parties, the court has observed the legal principles generally applicable to a motion to dismiss. It is axiomatic that "[a] motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31.
Against this procedural backdrop, this court perceives, as an initial matter, the lack of consensus at the Superior Court level as to whether a motion to dismiss is the proper vehicle to challenge a lack of notice to a municipality in an action brought pursuant to § 7-465.[5] In granting a motion to dismiss a count based on § 7-465 principles of indemnification, one trial court has opined that failure to provide statutory notice establishes a lack of subject matter jurisdiction. NewLondon County Mutual v. Brooklyn, Superior Court, judicial district of Windham at Putnam, Docket No. 058429 (October 1, 1998, Sferrazza, J.). Another trial court has denied a motion to dismiss brought on similar grounds, without considering its merits, concluding that the notice provision of § 7-465 does not implicate subject matter jurisdiction, and suggesting that a motion to strike would be the appropriate method to challenge lack of notice under that statute. Wise v. Stamford, Superior Court. judicial district of Ansonia-Milford, Docket No. 031070 (September 26, 1991, Meadow, J.). Another trial court, concurring that a motion to strike would be the appropriate method to challenge the notice provision, treated the motion to dismiss as a motion to strike, and denied the motion to dismiss on its merits. LeClaire v. Vernon, Superior Court, judicial district of Tolland at Rockville, Docket No. 044254 (August 1, 1990, Potter, J.). Here, as in LeClaire v. Vernon, "the plaintiff has raised no questions regarding the procedural propriety of the defendant's motion. Therefore, the court may consider the case as it was presented by the parties, overlooking the foregoing procedural shortcomings and treating the motion to dismiss as sustainable under the same test as would have been applicable if it had been a motion to strike." (Internal quotation marks omitted.) Id. Accordingly, in the absence of applicable appellate law or procedural objection from the plaintiff this court has considered the defendants' motion to dismiss on its merits. CT Page 14072
 II. FIRST COUNT AS TO THE DEFENDANT, DAVID KILLIAN
The defendants have moved to dismiss both the first and second counts upon the sole argument that the plaintiff did not comply with the notice provision of § 7-465. The first count, as noted, alleges negligence against the individual defendant, and the second count, on its face, asserts the vicarious liability of the defendant town pursuant to the principles of agency established through General Statutes § 52-183. Finding the defendants' arguments inapposite, the court finds this issue in favor of the plaintiff
Connecticut's appellate level courts have consistently held that the legislature's enactment of § 7-465 does not preclude a plaintiff from proceeding against the individual employee alone, even if she fails to sustain her complaint against the municipality under the indemnification legislation. See Fraser v. Henninger, 173 Conn. 52, 56-57, 376 A.2d 406
(1977) (expressly rejecting the defendants' argument related to their "joint" status within the meaning of § 7-465); see also Altfeter v.Naugatuck, 53 Conn. App. 791, 799, 732 A.2d 207 (1999); Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 193, 592 A.2d 912 (1991); Rowev. Godou, 209 Conn. 273, 278-79, 550 A.2d 1073 (1988). In this matter, accordingly, the court finds that the plaintiff should be permitted to proceed against Killian in the first count, even if the second count is somehow seen as having been brought pursuant to § 7-465, and is therefore defective due to the lack of timely notice as required under that statute.
Notwithstanding the foregoing authorities, defendants argue that the plaintiff's action against Killian is inseparable from her action against the Town of East Hartford, based upon the language of § 7-465. Other than referencing the statute, the defendants have provided no authority which has persuaded this court that the plaintiff's action against the individual employee, Killian, should be dismissed. Rather, the principles espoused by the foregoing cases should be honored equally in the pending litigation, where the action against Killian has been brought forward in a separate count, independent of that presented against the defendant Town.
Even if the plaintiff's action against Killian was ultimately grounded upon the provisions of the municipal indemnification statute, a position which she vigorously contests, the application of § 7-465 should not in any case thwart the perfection of her claims against Killian, the individual motor vehicle operator who allegedly caused her injuries. While it happened, according to the complaint, that Killian was acting in the course of his employment with the defendant Town of East Hartford at the time these events occurred, "[the] plaintiffs failure to sustain CT Page 14073 [her] complaint against the municipality is no reason for turning the plaintiff out of court if [she] can sustain [her] complaint against the employee." Fraser v. Henninger, supra, 173 Conn. 57. Accordingly, the defendants' motion to dismiss the first count must be denied.
 III. SECOND COUNT AS TO THE DEFENDANT, TOWN OF EAST HARTFORD
As to the second count, the defendants again argue the court lacks subject matter jurisdiction because the plaintiff has failed to comply with the notice requirements of § 7-465. As the plaintiff's complaint is completely devoid of any allegations presenting a claim for indemnification under § 7-465, the court concludes that the plaintiff was not required to comply with that statute's notice provision. SeeAltfeter v. Naugatuck, supra, 53 Conn. App. 799; LeClaire v. Vernon, supra, Superior Court, Docket No. 044254. Accordingly, this issue is found in favor of the plaintiff
Where a plaintiff has not specifically brought forward an indemnification claim against the municipality pursuant to § 7-465, and does not seek the benefit of the indemnification provisions there established, it would be improper and unjust to dismiss her complaint for failure to comply with the notice provisions of that statute. It has previously been held improper for a trial court to dismiss a plaintiff's complaint for an alleged failure to comply with the notice requirement of § 7-465, where the plaintiff had not brought against the defendant political subdivision a specific claim for indemnification based on the statute. See Altfeter v. Naugatuck, supra, 53 Conn. App. 799. It has similarly been held improper for the court to strike a complaint based upon an ostensible failure to comply with the similar statutory notice provisions established for indemnification claims based upon firefighters' liability pursuant to § 7-308, if the plaintiff had not proceeded under that statute; for the court to have taken that action would have required the court inappropriately "either to speculate or to resort to information outside the complaint." See Rowe v. Godou, supra, 209 Conn. 278
(court should not impute allegations of municipal indemnification statute into a complaint from which such allegation is absent). See also Forbesv. Ballaro, 31 Conn. App. 235, 241, 624 A.2d 384 (1993). Notwithstanding the clear language of the complaint, the defendants assert that the plaintiff's only recovery against the town is not through the imposition of vicarious liability, but by way of indemnification which could be obtained through an action brought pursuant to § 7-465. Defendants' Memorandum of Law in Support of Motion to Dismiss, dated July 13, 2000 (# 103). However, the defendants have failed to persuade the court that, under the circumstances of this case, the plaintiff has submitted a cause of action implicating either the notice or indemnification provisions of that statute. She has clearly pursued a remedy based upon agency CT Page 14074 principles codified through § 52-183. As the plaintiff has not alleged a claim for indemnification under § 7-465, the defendants have provided an insufficient basis for finding that failure to comply with the notice provisions of that statute serves as a valid ground for dismissal of the action. Altfeter v. Naugatuck, supra, 53 Conn. App. 799; Rowe v.Godou, supra, 209 Conn. 278. Accordingly, the defendants' motion to dismiss the second count must be denied.
WHEREFORE, the defendants' motion to dismiss (# 102) the first and second counts of the complaint is hereby DENIED.
BY THE COURT,
N. Rubinow, J.