[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action seeking damages for the death and injuries of four persons as a result of a fire in an East Hartford multi-unit residence on October 20, 1996.
Defendants, Town of East Hartford and individual fire marshals, move to strike Counts Five though Eight of the fifth revised complaint alleging common law negligence against the fire marshals and Counts Thirteen through Sixteen against the Town, seeking indemnity based on the former counts of negligence. Other counts in the twenty count complaint, based on statutory grounds or sounding in reckless conduct or negligence against other defendants, have not been challenged.
Defendants claim that the fifth through eighth counts are legally insufficient because the fire marshals are immunized by state statute and do not owe any common law duty to the injured plaintiff and decedents. Plaintiff's claim, in opposition, that the fire was caused by the total absence of smoke detection equipment in the residence which the fire marshals failed to detect because they failed to make any inspection of the premises in question, even though they were required to do so by statute. CT Page 8155
 -I-
Defendants rely on General Statutes § 29-298 (b) which reads as follows:
 "(b) No local fire marshal, deputy fire marshal, fire inspector or other inspector or investigator acting for a local fire marshal, who is charged with the enforcement of the Fire Safety Code and this chapter, may be held personally liable for any damage to persons or property that may result from any action that is required or permitted in the discharge of his official duties while acting for a municipality or fire district. Any legal proceeding brought against any such fire marshal, deputy fire marshal, fire inspector or other inspector or investigator because of any such action shall be defended by such municipality or fire district. No such fire marshal, deputy fire marshal, fire inspector or other inspector or investigator may be held responsible for or charged with the costs of any such legal proceeding. Any officer of a local fire marshal's office, if acting without malice and in good faith, shall be free from all liability for any action or omission in the performance of his official duties."
Plaintiff's claim, firstly, that the statute does not prohibit negligence claims against individual fire marshals when the plaintiffs do not seek direct, individual recovery from the fire marshals but seek recovery against them in their official capacity. Moreover, they claim that the statute does not bar claims against the fire marshals where, as in this case, they are alleged to have completely failed to conduct inspections of premises required by General Statutes § 29-305, which reads in relevant part:
"Each local fire marshal shall inspect or cause to be inspected, at least once each calendar year and as often as may be necessary in the interests of public safety, all buildings and facilities of public service and all occupancies regulated by the Fire Safety Code within his jurisdiction, except residential buildings designed to be occupied by one or two families which shall be inspected, upon complaint or request of an owner or occupant, only for the purpose of determining whether the requirements specified in said code CT Page 8156 relative to smoke detection and warning equipment have been satisfied."
 -II-
In Burns v. Board of Education, 228 Conn. 640 (1994) our Supreme Court, citing earlier decisions, stated that a municipal employee, enjoying a qualified immunity for discretionary acts was nevertheless subject to liability for ministerial acts. These were described as duties "to be performed in a prescribed manner without the exercise of judgment or discretion".
Counts Five through Eight sound in common law negligence and are not specifically brought under any statutory authority but allege a failure to inspect. Plaintiff's claim that the fire marshals duty to inspect the premises for the absence of smoke detectors was a ministerial function because it was required by § 27-305, and therefore the fire marshals were not immunized by § 29-298 (b) or any other statute.
The wording of § 29-298 (b) seems to support plaintiff's argument because it does not state that fire marshals are immune from suit or liability but only that they may not be held "personally liable". Moreover, the statute requires the relevant municipality or fire district to defend any action brought against a fire marshal.
In Malek v. City of Derby, Superior Court, Judicial District of Ansonia/Milford, No. CV 87-02 38 15S (October 30, 1990 Meadows, J.) the court considered the interplay of § 29-298 (b) and the failure to inspect. In that case the court found that there was a question of material fact as to whether the failure to inspect the second floor premises by the fire marshal was a required act and therefore denied defendants motion for summary judgment. Judge Meadows' analysis however can only lead to a conclusion that had the inspection of the second floor been required by statute, then § 29-298 (b) would not have barred the action against the fire marshals for personal injuries sustained by the plaintiffs.
In Evons v. Andrews, 211 Conn. 500 (1989) the Supreme Court upheld the trial court's granting of a motion to strike a claim that fire marshals failed to make an adequate inspection which it considered a discretionary act explaining that "the plaintiffs do not allege that the defendants failed to inspect the dwelling". The reasonable implication is that whereas the adequacy of the inspection was viewed as discretionary the failure to make any inspection would have been considered ministerial.
It is concluded that § 27-305 imposed a specific duty on the fire CT Page 8157 marshals to inspect the building involved in this action for compliance with the requirement for smoke detectors and their alleged failure to do was the failure to perform a ministerial act. Such failure can be a basis for a claim against the municipality, asserted by an action against its fire marshals.
 -III-
Counts Thirteen through Sixteen, assert a claim against the Town under General Statutes § 7-465, the municipality indemnification statute, based on the allegations of Counts Five though Eight. This statute provides for indemnification by municipalities of municipal officers, agents or employees, who incur liability for certain acts of negligence committed in the course of their official conduct. To invoke § 7-465
the plaintiffs must first allege in a separate count and prove the employees duty to the individual injured and caused a breach thereof.Altfelter v. Naugatuck, 53 Conn. App. 791, 799 (1999). Accordingly, since Counts Five though Eight which allege common law negligence are deemed sufficient, Counts Thirteen through Sixteen are likewise found to be sufficient at law.
Motion to Strike Counts Five through Eight and Thirteen through Sixteen is denied.
Wagner, TJR