[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Paulina Gutierrez, Albarsenia Sanchez and Kassandrah CT Page 1233 Moore, filed a complaint against the defendants, Matthew Bland, Jan Bland and the town of Windham, alleging personal injuries and damages as a result of a collision. The defendant, Matthew Bland, filed a cross claim against the town of Windham seeking indemnification pursuant to General Statutes § 7-308.
The parties have stipulated to the following facts. Matthew Bland is a volunteer fireman with the South Windham Volunteer Fire Department, which provides firefighting services in the town of Windham. The accident occurred on May 29, 1998, at the intersection of South Street and South Ridge Drive in Willimantic, CT. At the time of the accident Matthew Bland was responding to an emergency call. Matthew Bland was driving a 1998 Ford Taurus owned by his father, Ian Bland, and Gutierrez was driving her 1993 Toyota Corolla. Ian Bland gave Matthew Bland permission to drive the Taurus, which was covered by an automobile liability insurance policy issued by Kemper Insurance Company (Kemper) in the amount of $300,000. The claims of the plaintiffs were settled for the following amounts: Gutierrez received $21,000, Sanchez received $8000 and Moore received $2000. All parties agree that the settlement amounts are fair, just and reasonable damages for all plaintiffs and that all issues, including liability, comparative negligence and causation have already been factored into these amounts. The parties also concede that Matthew Bland was not acting recklessly, willfully, or wantonly. Kemper paid the settlement amount and Matthew Bland now seeks indemnification for the insurance company in the amount of $30,000 pursuant to § 7-308. No judgement was entered.
Matthew Bland argues that he deserves the protection afforded by §7-308 because the accident occurred while he was performing his duties as a volunteer fireman. Matthew Bland asserts that if the legislature had intended to provide indemnification only where the fireman was uninsured, it would have included language to that effect in the statute. Matthew Bland further argues that Kemper could increase insurance premiums and possibly cancel the insurance policy.
The town of Windham contends that Matthew Bland did not become legally obligated to pay the plaintiffs for their damages. The town argues that § 7-308 should not be extended further than necessary to accomplish its purpose. The town asserts that there is no indication from either the statute's text or the caselaw that § 7-308 was intended to aid the municipal employee's insurance company under circumstances where coverage plainly applies.
The court must "approach the issue according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the CT Page 1234 legislature." (Internal quotation marks omitted.) Education Assn. ofClinton v. Board of Education, 259 Conn. 5, 15, ___ A.2d ___ (2002). "In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Id. "It is axiomatic, however, that when the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Internal quotation marks omitted.)Boris v. Garbo Lobster Co., 58 Conn. App. 29, 36, 750 A.2d 1152 (2000).
General Statutes § 7-308 (b) provides in relevant part: "Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman or volunteer ambulance member of such municipality all sums which such fireman or volunteer ambulance member becomes obligated to pay by reason of liability imposed upon such fireman or volunteer ambulance member by law for damages to person or property, if the fireman or volunteer ambulance member, at the time of the occurrence, accident, injury or damages complained of, was performing fire or volunteer ambulance duties and if such occurrence, accident, injury or damage was not the result of any wilful or wanton act of such fireman or volunteer ambulance member in the discharge of such duties."
The court finds that § 7-308 is clear and unambiguous. According to the plain language of the statute, a municipality is only required to indemnify a fireman when "such fireman . . . becomes obligated to pay byreason of liability imposed upon such fireman . . . by law for damages to person or property. . . ." (Emphasis added.) General Statutes §7-308 (b). It is clear that a town's liability under § 7-308 only arises after a judgment is rendered against a fireman. Appellate decisions addressing the issue of liability under General Statutes §7-465, an analogous indemnification statute, support the court's conclusion.
"Our Supreme Court in Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1987), decided a claim under General Statutes § 7-465, an analogous municipal indemnification statute, and held that any municipal liability must be predicated upon prior findings of individual negligence on the part of the municipal employee. . . . This holding applies equally to a claim under § 7-308." (Citation omitted.) Tryon v. North Branford,58 Conn. App. 702, 718, 755 A.2d 317 (2000). "The town's liability is CT Page 1235 . . . contingent on the judgment against its employee . . . under General Statutes § 7-465 (a)." Ivimey v. Watertown, 30 Conn. App. 742, 752,622 A.2d 603, cert. denied, 226 Conn. 902, 625 A.2d 1375 (1993); see alsoKostyal v. Cass, 163 Conn. 92, 97, 302 A.2d 121 (1972). "While § 7-465
provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." (Internal quotation marks omitted.)Altfeter v. Naugatuck, 53 Conn. App. 791, 799, 732 A.2d 207 (1999). "If all of the preconditions have been satisfied, then an employee who suffers a judgment can either (1) pay the judgment and request reimbursement from the municipality or (2) request the municipality to pay the judgment in his behalf." (Emphasis added.) Ahern v. New Haven,190 Conn. 77, 81-82, 459 A.2d 118 (1983); see also Kostyal v. Cass, supra, 163 Conn. 97-98.
Based on the plain language of the statute as well as the appellate decisions regarding liability under § 7-465, the court concludes that a town's liability under § 7-308 is contingent on a judgment against a fireman. Therefore, in the present case, the town would be liable under § 7-308 only if a judgment was rendered against Matthew Bland. If the court had rendered a judgment against Matthew Bland he would have had the option either to pay the judgment and request reimbursement from the town or request the town to pay the judgment in his behalf. Matthew Bland, however, did not suffer a judgment and he did not expend his own financial resources to pay the plaintiffs. Accordingly, the court concludes that the town is not required to indemnify Matthew Bland because he did not become obligated to pay damages to the plaintiffs by reason of liability imposed by law.
Foley, J.