[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The minor plaintiff, Fatima Mann, brings this suit through her mother, the plaintiff, Pamela Mann-Byrdsong against the defendants, the Town of Bloomfield (town) and Bloomfield's Board of Education (board). The plaintiffs' three count, amended complaint, filed on August 9, 1999, alleges that Mann was sexually assaulted and/or improperly touched by a classmate during a rest period at Mann's school. Counts one and two allege that the town and board, respectively, were negligent in not providing adequate supervision during the rest period and consequently subjected Mann to imminent harm. Count three is brought by Mann-Byrdsong seeking to recover medical, psychological and surgical expenses.
Defendants filed this motion to strike counts one, two and three of the plaintiff's amended complaint claiming governmental immunity.
 -I-
It is clear that a municipality enjoys governmental immunity for CT Page 3286 common-law negligence unless a statute has limited or abrogated that immunity, Williams v. New Haven, 243 Conn. 763, 769, 707 A.2d 1251
(1998).
General Statutes § 7-465 provides, in part "any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . ."
To invoke § 7-465, the plaintiffs first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof, after which the plaintiff may go on to allege and prove the town's liability by indemnification. Altfeter v. Naugatuck,53 Conn. App. 791, 799, 732 A.2d 207 (1999). The municipality's liability is derivative. Ahern v. New Haven, 190 Conn. 77, 82, 459 A.2d 118
(1983).
Since the kindergarten teacher is no longer a defendant in this case, there is presently no claim brought against an individual employee, and there is no basis for the plaintiffs to invoke § 7-465 as a basis for imposing liability upon the town. Nor can general statutes § 10-235
(a), providing indemnity for town employees abrogate defendants' immunity in this case, because this statute does not provide a direct cause of action see DeLeon v. Hartford Board of Education, Superior Court, judicial district of Hartford, No. 566449 (April 15, 1997, Wagner J.)
 -II-
The defendants argue that the municipality is immune from suit in this instance because the teacher's adequacy of supervision is a public and discretionary act. General Statutes § 52-557n (2) provides:
 "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." (Emphasis added.)
The determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. Red Fearn v. Ennis 28 Conn. App. 398, 401 (1992); Cluney v.CT Page 3287Regional School District No. 13, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089468 (June 16, 2000, Gordon, J.). The duty to supervise school children has been held to be a discretionary, rather than a ministerial duty. Heigl v. Board ofEducation 218 Conn. 1 (1991); O'Connor v. Crist, Superior Court, judicial district of Waterbury, Docket No. 145634 (February 20, 2001, Doherty,J.). The duty involved in this case is one of a discretionary nature as the complaint alleges a failure to adequately supervise. Neither the town nor the board is liable for the discretionary acts of the teacher.
There are three exceptions that would allow a plaintiff to abrogate governmental immunity and reach a municipality: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Burns v. Board ofEducation, 228 Conn. 640, 645, 638 A.2d a (1994). The plaintiff has not pleaded specifically any of the above exceptions, and the only exception arguable applicable is the identifiable person to imminent harm exception, but no facts here been alleged as to the existence of a foreseeable dangerous condition limited in duration and geographical scope. Purzychki v. Fairfiled 244 Conn. 101, 110 (1998); Gerstenzang v.Glenville News Florist, Superior Court, judicial district of Stanford/Norwalk at Norwalk, Docket No. 152839 (March 15, 2001,D'Andrea, J.)
 -III-
The defendants also move to strike count three of the plaintiff's complaint on the ground that the plaintiff may not recover medical expenses because there is no legally cognizable claim against the defendants. Since the plaintiffs have failed to successfully allege a claim against either the town or the board, there is no basis for the plaintiff to recover medical or psychological expenses from the defendants.
Motion to strike all the counts granted.
Wagner J., TJR