[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR SUMMARY JUDGMENT
The sole issue before this court is whether the defendant's motion for summary judgment should be granted: that question is answered in the affirmative.
We first conclude, as a matter of law, that the court has jurisdiction over all parties. CT Page 8058
As in all motions for summary judgment, the facts at issue are those appropriately alleged in the pleadings. Plouffe v. New York, N.H. H.R.Co., 160 Conn. 482, 488-89, 280 .2d 359 (1971). In his three-count complaint,[1] the plaintiff alleges that he retained the defendant in connection with a personal injury action arising out of an automobile accident, which occurred on October 24, 1994. The defendant attorney commenced an action on the plaintiff's behalf and in October 1996, the plaintiffs present attorney assumed the representation of the plaintiff in that lawsuit and settled the plaintiffs claim in the amount of $70,000. It is further alleged that "[H]ad the plaintiff properly been advised to obtain the necessary medical testing and treatment to properly diagnose and fully document the extent of [plaintiff's] injuries, the case would have been settled for an amount In excess of $70,000", and "[H]ad the defendant been properly tending to plaintiffs case, the. case would have been worth $150,000." Finally, it is alleged that "[B]y failing to advise plaintiff as to the medical treatment and testing needed to properly diagnose and fully document the full extent of his injuries, the defendant breached the standard of care required of attorney's to their clients, and was negligent."
"Practice Book, section 1749, provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . .Miller v. United Technologies Corp., 233 Conn. 732, 74445, 660 A.2d 810
(1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the exist of a genuine issue of material fact. Practice Book, sec. 17-46 . . . Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
"Although the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Norse Systems, Inc. v.Tingley Systems, Inc., 49 Conn. App. 582, 591, 715 A.2d 807 (1998). A party opposing a motion for summary judgment "`must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" CT Page 8059Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995)." Altfeter v. Nauqatuck,53 Conn. App. 791, 800-801 (1999).
At the hearing on the motion and in his brief, plaintiffs counsel argues what the allegations of the complaint were meant to say. However, we are guided by what the complaint does say. The complaint alleges, in relevant part, "After repeatedly listening to plaintiffs physical complaints, at no time during his representation did the defendant advise plaintiff to obtain the appropriate medical testing and treatment necessary to completely and properly diagnose and document the fullextent of his injuries, such that he could be fully compensated therefore, nor did defendant confer with plaintiffs doctors." The language emphasized is repeated in paragraphs 10 and 12. We note that the allegation says nothing about treating or correcting the plaintiffs injury.
The medical reports attached to the Motion for Summary Judgment show that Dr. Ross examined the plaintiff on July 27, 1995 and that Dr. Ross was communicating with a Dr. Chi at that time. In Dr. Ross's report concerning that examination, he indicates that he has discussed options of treatment with the plaintiff, including the option of a MRI of his knee as well as arthroscopy of the left knee. The report also indicates that the plaintiff is to return for follow-up in two weeks. At this time the defendant represented the plaintiff.
The gist of plaintiffs argument[2] is that the defendant should have advised his client to undergo a MRI at that time so that the case would have a greater value. For whatever reason, the plaintiff chose not to undergo the MRI at that time, but clearly was given that option by the doctor. Thus, the defendant has presented evidence that during the time of his representation of the plaintiff, the condition was diagnosed and documented by two physicians. The plaintiff has presented no medical records or affidavits to contradict the evidence proffered by the defendant. We conclude that there is no genuine issue of material fact concerning the allegations of the is granted.[3]
 ___________________ Landau, S.J.