[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The court's prior ruling granting summary judgment was predicated on both sides treating the two defendants, the New Britain Housing Authority and Paul Vayer as one entity. No distinction was made either in the memoranda or at the argument. Hence, after finding that the proper notice was not given pursuant to Connecticut General Statutes § 8-67, this court granted summary judgment as to all defendants. The plaintiffs now request that this court articulate its August 20, 2002 decision granting summary judgment against both defendants maintaining that the notice requirements of the statute do not apply to the individual defendant.
After argument by the parties on October 15, 2002, this court agrees with that proposition and hereby modifies its decision by granting summary judgment only against the New Britain Housing Authority. As drafted, the statute specifically limits itself to actions against "the authority" and thus on its face does not apply to actions against individuals. Moreover, the situation is not unlike that in the municipal indemnity cases under General Statutes § 7-465 in which both our appellate courts have held that no notice is required when suing an individual rather that a municipality. Our Supreme Court stated that "[w]hen a plaintiff seeks to take advantage of the statute, the liability of the municipality, but not that of the municipal employee, is dependent upon the giving of proper statutory notice. We have previously held that an injured party may maintain a common-law action against a municipal employee covered by the statute, thereby avoiding those requirements which are unique to recovery under the indemnification statute." Fraserv. Henninger, 173 Conn. 52, 56, 376 A.2d 406 (1977). Similarly, the Appellate Court has stated that "[w]e also note that only a municipality may assert the absence of notice required by § 7-465 in a motion to dismiss for lack of subject matter jurisdiction. There is nothing in the statute that restricts the plaintiffs from bringing a cause of action against municipal employees. . . ." Altfeter v. Naugatuck,53 Conn. App. 791, 799, 732 A.2d 207 (1999). CT Page 14333
The defendants argue that by alleging that Mr. Vayer is the landlord and by having likewise conceded in discovery documents that the New Britain Housing Authority is in fact the landlord, that the statutory notice requirement must apply to Vayer as well. Whether he is the landlord remains an issue for another day; whether he must receive the required notice is all that is the subject of this proceeding. The statute does not apply to him and the August 20, 2002 decision is corrected to reflect that summary judgment is granted only as to the Authority.
___________________ Berger, J. CT Page 14334